# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

**DUSTIN S. SOULEK,**

                Plaintiff(s),

       v.                      **ORAL ARGUMENT HEARING**
                                   RE: Defendants' [25] Motion to Dismiss

                                     Case No. 20-C-937

**COSTCO WHOLESALE CORPORATION, et al.,**

                Defendant(s).

---

HONORABLE WILLIAM C. GRIESBACH presiding      Time Called: 2:30 p.m.
Proceeding Held: December 21, 2020                Time Concluded: 3:33 p.m.
Deputy Clerk: Mara                                Tape: 122120 Zoom Video

**Appearances:**

    **Plaintiff(s):**    Paul Secunda
                            Matthew Tobin

    **Defendant(s):**  Ian Morrison
                            Ralph Weber

---

| | |
|---|---|
| 2:35 p.m. | Mr. Morrison presents argument in support of Defendants' motion to dismiss the amended complaint and addresses two claims regarding record keeping fees and investment fees as to the minimal standing requirement. Mr. Morrison addresses fiduciaries under ERISA. |
| | The Court inquires as to the fiduciary committee employees/duties. Mr. Morrison responds. |
| 2:45 p.m. | Mr. Morrison addresses requirements for record keeping as well as similar case law from the 7th Circuit cases *Divane, Loomis, and Hecker*. |
| | The Court inquires as to the record keeping process. Mr. Morrison responds. |
| | Mr. Morrison discusses discovery as to this matter and other similar cases. |
| | Mr. Morrison addresses allegations in the amended complaint regarding plan funds/excessive fees. |
| 2:55 p.m. | Mr. Secunda presents argument on behalf of Plaintiff. |
| | Mr. Secunda provides a simple example of a breached fiduciary duty case and addresses the issue of standing. Mr. Secunda does not believe *Divane* is similar to this case. |
| | Mr. Secunda provides similar case law as to standing issues and believes it is clear that Plaintiff has standing to bring share class claims in the amended complaint. |
| 3:05 p.m. | The Court inquires as to the concrete harm of the funds as to Plaintiff. Mr. Secunda responds. |
| | Mr. Secunda addresses the high expenses associated with the investments and believes this case is similar to the 3rd Circuit case *Sweda* and 8th Circuit case *Davis*. |
| 3:14 p.m. | The Court inquires as to discovery expenses in these types of cases. |
| | Mr. Secunda provides discovery examples from similar cases and does not believe it is overburdensome. Mr. Morrison replies and compares different plans. |
| | Mr. Morrison believes *Divane, Loomis, and Hecker* are similar to this case. |
| 3:22 p.m. | The Court inquires as to what the consequences would be if this matter were to go forward. |
| | Mr. Morrison notes if this case were to go forward that the discovery would need to be carefully managed to avoid burdensome discovery on Defendant as well as high expenses. |

|  |  |
|---|---|
|  | The Court notes that the question of whether there was a breach of fiduciary duties refers to the process that was used. |
| 3:25 p.m. | The Court inquires if there is a way of determining the process without the high discovery expenses. Mr. Morrison responds. Mr. Secunda responds and believes the parties would be able to reasonably complete discovery. Mr. Morrison replies. |
| 3:33 p.m. | The Court takes the matter under advisement. Adjourned. |