UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DUSTIN S. SOULEK, individually,
and as representative of a Class of
Participants and Beneficiaries, of
the Costco 401(k) Retirement Plan;

       Plaintiff,                             Case No. 20-cv-937

    v.

COSTCO WHOLESALE CORPORATION, *et al.*

       Defendants

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

I.     INTRODUCTION ........................................................................................ 1

II.    BACKGROUND .......................................................................................... 2

   A.    The Pleadings ...................................................................................... 2
   B.    Mediation and Settlement .................................................................... 4

III.   Overview of Settlement Terms ................................................................... 4

   A.    The Settlement Class ............................................................................ 4

IV.    ARGUMENT ............................................................................................... 8

   A.    Standard of Review ............................................................................... 8

V.     The Settlement Meets the Standard for Preliminary Approval ...................... 9

   A.    The Class Is Adequately Represented ..................................................... 9
   B.    The Proposal Was Negotiated at Arm's-Length ...................................... 10
   C.    The Settlement Terms Are Fair and Adequate ........................................ 11
      1.   The Monetary and Prospective Relief Is Significant .......................... 11
      2.   The Risks, Costs, and Delay, of Further Litigation Were Significant ........ 12
      3.   The Proposed Method of Distributing Relief to The Class Is Effective ....... 13
      4.   The Settlement Imposes a Reasonable Limitation on Attorney's Fees ....... 13
      5.   No Separate Agreements Bear on the Adequacy of Relief to the Class ..... 13
   D.    The Settlement Treats Class Members Equitably ..................................... 14

VI.    The Class Notice Plan is Reasonable and Should be Approved ..................... 14

VII.   The Proposed Class Should be Certified for Settlement Purposes ................. 15

   A.    The Proposed Settlement Class Satisfies Rule 23(a) ................................ 15
   B.    The Proposed Class Satisfies Rule 23(b)(1) ............................................ 17

CONCLUSION ..................................................................................................... 18

# TABLE OF AUTHORITIES

**CASES**

*Abbott v. Lockheed Martin Corp.,*
2015 WL 4398475 S.D. Ill. July 17, 2015) ............................................................. 12

*Albert v. Oshkosh Corp.,*
2021 WL 3932029 (E.D. Wis. Sept. 2, 2021),
*appeal filed* (7th Cir. October 1, 2021) ................................................................. 12

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) ......................................................................................... 15

*Beach v. JPMorgan Chase Bank, Nat'l Ass'n*
No. 17-cv-00563, Dkt. 211 (May 20, 2020),
*approved* 2020 WL 6114545 (S.D.N.Y. Oct. 7, 2020).............................................. 11

*Beesley v. Int'l Paper Co.,*
No. 3:06-cv-00703, Dkt. 559 (S.D. Ill. Jan. 31, 2014) ............................................. 12

*Bell v. Pension Comm. of ATH Holding Co.,*
2019 WL 4193376 (S.D. Ind. Sept. 4, 2019) .......................................................... 13

*Dolins v. Cont'l Cas. Co.,*
No. 1:16-cv-08898, Dkt. 133 (N.D. Ill. Sept. 20, 2018) ..................................... 11, 13

*Eubank v. Pella Corp.,*
2019 WL 1227832 (N.D. Ill. Mar. 15, 2019) .......................................................... 10

*Gen. Tel. Co. v. Falcon,*
457 U.S. 147 (1982) ......................................................................................... 16

*Godfrey v. GreatBanc Tr. Co.,*
2021 WL 679068 (N.D. Ill. Feb. 21, 2021)......................................................... 16, 17

*Gomez v. St. Vincent Health, Inc.,*
649 F.3d 583 (7th Cir. 2011), *as modified* (Sept. 22, 2011).................................... 16

*Hale v. State Farm Mut. Auto. Ins. Co.,*
2018 WL 6606079 (S.D. Ill. Dec. 16, 2018) ......................................................... 9, 10

*Hughes v. Northwestern Univ.,*
142 S. Ct. 737 (2022) ......................................................................................... 3

Case 1:20-cv-00937-WCG   Filed 03/14/22   Page 3 of 24   Document 49

*In re Glob. Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ................................................................. 16

*In re Household Int'l, Inc. ERISA Litig.*,
    2004 WL 7329911 (N.D. Ill. Nov. 22, 2004) ............................................. 18

*In re NCAA Student-Athlete Concussion Injury Litig.*,
    332 F.R.D. 202 (N.D. Ill. 2019), *aff'd sub nom.*
    *Walker v. NCAA*, 2019 WL 8058082 (7th Cir. Oct. 25, 2019) ................... 9

*In re Rite Aid Corp. Sec. Litig.*,
    146 F. Supp. 2d 706 (E.D. Pa. 2001) ....................................................... 11

*Isby v. Bayh*,
    75 F.3d 1191, 1199 (7th Cir. 1996) ............................................................ 9

*Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*,
    2018 WL 2183253 (N.D. Cal. May 11, 2018) ......................................... 11

*Karpik v. Huntington Bancshares Inc.*,
    2021 WL 757123 (S.D. Ohio Feb. 18, 2021) ........................................... 13

*Kinder v. Koch Indus., Inc.*,
    2021 WL 3360130 N.D. Ga. July 30, 2021) ............................................ 13

*Koerner v. Copenhaver*,
    2014 WL 5544051 C.D. Ill. Nov. 3, 2014) ............................................... 12

*Martin v. CareerBuilder, LLC*,
    No. 19-cv-6463, 2020 WL 3578022 (N.D. Ill. July 1, 2020) .................... 12

*Neil v. Zell*,
    275 F.R.D. 256 (N.D. Ill. 2011) .................................................... 15, 16, 17

*Phillips Petrol. Co. v. Shutts*,
    472 U.S. 797 (1985) .................................................................................. 14

*Price v. Eaton Vance Corp.*,
    No. 18-12098, Dkt. 32 (May 6, 2019),
    *approved* Dkt. 57 (D. Mass. Sept. 24, 2019) ......................................... 11

*Retired Chi. Police Ass'n v. City of Chicago*,
    7 F.3d 584 (7th Cir. 1993) ........................................................................ 16

iii

*Rozo v. Principal Life Ins. Co.,*
2021 WL 1837539 (S.D. Iowa Apr. 8, 2021) ............................................................ 12

*Rush v. GreatBanc Tr. Co.,*
2021 WL 2453070 (N.D. Ill. June 16, 2021) ........................................................... 17

*Sacerdote v. New York Univ.,*
328 F. Supp. 3d 273 (S.D.N.Y. 2018), *aff'd*, 9 F.4th 95 (2d Cir. 2021).................... 12

*Schulte v. Fifth Third Bank,*
805 F. Supp. 2d 560 (N.D. Ill. 2011) ...................................................................... 13

*Seiden v. Nicholson,*
72 F.R.D. 201 (N.D. Ill. 1976) ................................................................................ 13

*Shanechian v. Macy's, Inc.,*
2011 WL 883659 (S.D. Ohio March 10, 2011) ........................................................ 15

*Sims v. BB&T Corp.,*
2019 WL 1995314 (M.D.N.C. May 6, 2019) ............................................................ 11

*Snyder v. Ocwen Loan Serv'g,*
2019 WL 2103379 (N.D. Ill. May 14, 2019) ............................................................ 14

*Spano v. Boeing Co.,*
2016 WL 3791123  (S.D. Ill. Mar. 31, 2016) ........................................................... 12

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.,*
463 F.3d 646 (7th Cir. 2006)............................................................................... 9, 10

*Toomey v. Demoulas Super Markets, Inc.,*
No. 1:19-cv-11633, Dkt. 95 (Mar. 24, 2021),
*approved* Dkt. 100 (D. Mass. Apr. 7, 2021) ............................................................ 11

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.,*
2018 WL 8334858 (C.D. Cal. July 30, 2018) .......................................................... 11

*Wildman v. Am. Century Servs., LLC,*
362 F. Supp. 3d 685 (W.D. Mo. 2019)..................................................................... 12

*Wong v. Accretive Health, Inc.,*
773 F.3d 859 (7th Cir. 2014) ................................................................................... 10

iv

## STATUTES

29 U.S.C. §§ 1109 ................................................................................... 15, 17
29 U.S.C. §§ 1132(a)(2) ......................................................................... 15, 17

## RULES

Advisory Committee Notes to Rule 23 ................................................... 18
Fed. R. Civ. P. 23(b)(1) ..................................................................... 17, 18
Fed. R. Civ. P. 23(c)(2)(B) ......................................................................... 14
Fed. R. Civ. P. 23(e)(1) ........................................................................ 8, 14
Fed. R. Civ. P. 23(e)(1)(B) ........................................................................... 8
Fed. R. Civ. P. 23(e)(2) ........................................................................... 8, 9
Fed. R. Civ. P. 23(a) ............................................................................ 15, 17
Fed. R. Civ. P. 23(e) .............................................................................. 8, 9

## TREATISES

MANUAL FOR COMPLEX LITIGATION §§ 21.61–.63, at 308–23 (4th ed. 2004) ................ 8
Restatement (Third) of Trusts, § 100 cmt. b(1) ........................................ 12

## REGULATIONS

Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632, as amended, 75
    Fed. Reg. 33830 ................................................................................. 8

# I.    INTRODUCTION

Plaintiff Dustin S. Soulek, individually, and as representative of a Class of Participants and Beneficiaries of the Costco 401(k) Retirement Plan ("Plaintiff"), submits this Memorandum in support of his Motion for Preliminary Approval of the Class Action Settlement with Defendants Costco Wholesale Corporation ("Costco"), the Board of Directors of Costco Wholesale Corporation ("Board Defendants"), and the Costco Benefits Committee ("Benefits Committee") (collectively, "Defendants"), relating to the management of the Costco 401(k) Retirement Plan ("Costco Plan" or "Plan").[1]

Under the terms of the proposed Settlement, a Total Settlement Amount with a value not to exceed $5.1 million will be paid to resolve the Settlement Class Members' claims. This is a significant recovery in relation to the claims that were alleged and falls well within the range of negotiated settlements in similar ERISA cases.

For the reasons set forth below, the Settlement is fair, reasonable, and adequate, and merits preliminary approval so that notice may be disseminated to the Class. Among other things:

- The Settlement was negotiated at arm's length with the assistance of a respected mediator;

- The Settlement provides for significant monetary relief that is on par with other settlements;

- The Settlement conveniently provides for administrative fee reduction for current Plan Participants, which will allow delivery of Settlement value to

---

[1] A copy of the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") is attached as **Exhibit A** to the accompanying Declaration of Paul M. Secunda ("Secunda Decl.").

1

those Class Members who are Current Participants with minimal administrative expense. Class Members who are Former Participants will receive any distribution to which they are entitled via check;

- The Released Claims are tailored to the claims that were asserted in the action or could have been asserted based on the same factual predicate;

- The proposed Settlement Class is consistent with the requirements of Rule 23;

- The proposed Settlement Notices provide substantial information to Class Members about the Settlement, and will be distributed via first-class mail or email; and

- The Settlement provides Class Members the opportunity to raise any objections they may have to the Settlement and to appear at the final approval hearing.

Accordingly, Plaintiff respectfully requests that the Court enter an order: (1) preliminarily approving the Settlement; (2) approving the proposed Notices and authorizing distribution of the Notices to the Settlement Class; (3) certifying the proposed Settlement Class; (4) scheduling a final approval hearing; and (5) granting such other relief as set forth in the accompanying Preliminary Approval Order. Defendants join in the relief requested by Plaintiff's Motion for Preliminary Approval of Settlement. However, Defendants do not agree with the averments, statements, allegations, and claims stated by Plaintiff in this Memorandum of Law in Support of the Motion for Preliminary Approval of Settlement and the attached Exhibits.

## II.    BACKGROUND

### A.    THE PLEADINGS

Plaintiff Dustin S. Soulek, individually, and as representative of a Class of Participants and Beneficiaries of the Costco 401(k) Retirement Plan ("Plaintiff"), filed this action on June 23, 2020, *Dkt. 1*, and filed an Amended Complaint on September

21, 2020. *Dkt. 20.* In his Amended Complaint, Plaintiff alleges that during the putative Class Period (June 23, 2014 through the date of judgment), Defendants, as fiduciaries of the Plan, breached the duties they owed to the Plan, to Plaintiff, and to the other Participants of the Plan by, among other things: (1) authorizing the Plan to pay objectively unreasonable fees for recordkeeping and administration (RK&A); (2) failing to objectively, reasonably, and adequately review the Plan's investment portfolio with due care to ensure that each investment share class was prudent, in terms of cost; and (3) maintaining certain funds in the Plan despite the availability of identical or similar investment share classes with lower costs. *Id.*

On October 16, 2020, Defendants filed a motion to dismiss the Amended Complaint, *Dkts. 25-27*, and between November 6, 2020 and December 4, 2020, Plaintiff subsequently opposed that motion, *Dkts. 28-29*, Defendants replied in further support of their motion, *Dkt.* 30, Plaintiff surreplied in further opposition, *Dkt.* 31, and Defendants respond in opposition to Plaintiff's surreply. *Dkt.* 32. The Court heard oral argument on Defendants' motion on December 21, 2020. *Dkt.* 33. Between June 1, 2021 and July 29, 2021, the parties filed notices of supplemental authority. *Dkts. 35-39.* On September 30, 2021, the Court stayed the case in light of the pending decision of the United States Supreme Court in *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022). While this stay was in place, the parties decided to attempt mediation of the matter.

## B.    MEDIATION AND SETTLEMENT

The Parties engaged in a full-day mediation with a neutral mediator, Robert Meyer, on January 12, 2022.[2] *Secunda Decl. ¶ 10.* After extensive, arm's length negotiations, including weeks of negotiations between the Parties after the mediation concluded, the Parties reached a Memorandum of Understanding as to Settlement of All Claims on February 17, 2022, and then prepared the comprehensive Settlement Agreement that is the subject of this motion. *Id. ¶¶ 12-13.*

## III.    OVERVIEW OF SETTLEMENT TERMS

### A.    The Settlement Class

The Settlement applies to the following Settlement Class:

> All participants, beneficiaries, and alternate payees of the Costco 401(k) Retirement Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan): (1) who have a Plan account as of the date the Settlement Class is certified by the Court ("Current Participants") or (2) who do not have a Plan account as of the date the Settlement Class is certified by the Court, and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance to be calculated as of the last business day of a month) ("Former Participants).

*Settlement ¶ 2.32.* There are approximately 250,000 Settlement Class Members. *Secunda Decl. ¶ 3.*

### B.    Monetary Relief

Under the Settlement, for those Settlement Class Members who are Current Participants with active accounts in the Plan as of the date the Settlement becomes

---

[2] Mr. Meyer is an experienced mediator who has successfully facilitated the resolution of numerous complex class actions, including ERISA class actions. *Secunda Decl. ¶ 10 & Ex. B.*

Final, Costco will provide an administrative fee reduction valued at a maximum of $3.2 million. Costco will do so by ensuring that the Plan Administrative Service per capita recordkeeping fee deducted from Plan accounts does not exceed $3.25 per Plan account per quarter during the number of calendar quarters following the Effective Date necessary to reach the sum of $3.2 million. *Settlement ¶¶ 5.1-5.4.*

For those Class Members who are Former Participants, as well as those who are Current Participants who cease to have active accounts in the Plan prior to the date the Settlement becomes Final, Costco will also provide the gross sum of $400,000 (the "Former Participant Pool"). *Id. ¶ 6.4.* After accounting for any Attorneys' Fees and Costs, Administrative Expenses, and class representative service awards approved by the Court, the Net Settlement Amount will be distributed to eligible Class Members on a claims-made basis. *Id. ¶ 7.1.*[3]

The Plan of Allocation is set out in the Settlement Agreement, and will be submitted to the Court for approval in connection with Final Approval of the Settlement. *Settlement ¶¶ 7.3-7.4.* Class Counsel shall retain the Settlement Administrator to calculate the amounts payable to Former Participants. *Id. ¶ 2.30.*

## C. Release of Claims

In exchange for the foregoing relief, the Settlement Class will release Defendants and affiliated persons and entities (the "Released Parties" as defined in the Settlement) from all claims:

---

[3] Under no circumstances will any monies revert to Defendants. Any checks that are uncashed will be paid into the Plan for the purpose of defraying administrative expenses. *Id. ¶ 7.3.11.*

> Involving any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether involving legal equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether, known or unknown, suspected or unsuspected, asserted or un-asserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that have been, could have been, or could be brought by or on behalf of all or any Settlement Class Member or the Plan at any point prior to the Court's final approval of the Settlement, and that were as-serted in the Lawsuit or that might have been asserted in the Lawsuit under any legal or equitable basis related in any way to the Plan, that relate in any way to the fees, expenses, investments, investment perfor-mance and or management of the Plan, that assert a claim for breach of fiduciary duty against any Plan fiduciary, that relate to the compensa-tion or services of any Plan service provider or Plan fiduciary, or that relate to or arise out of the defense or settlement of the Lawsuit, includ-ing any claim that the Settlement Agreement or any aspect of its imple-mentation violates any applicable law or right of any Settlement Class Member, or that would have been barred by the doctrine of res judicata or claim preclusion had the Lawsuit been fully litigated to a final judg-ment.

*Id.* ¶ *2.27.* The Released Claims do not include claims to enforce the Settlement Agree-ment. *Id.* ¶ *9.2.*

### D. Class Notice and Settlement Administration

Due to the size of the class (in excess of 200,000 people) and in order to minimize administrative costs, distribution of the Class Notice will be handled differently for Current Participants and Former Participants. Former Participant Class Members will receive notice of the settlement via first-class U.S. Mail or email. *Id.* ¶ *3.4.5, & Ex. 3.* Current Participant Class Members will receive notice via email or other elec-tronic means if they have an email or cell phone number on file with the Plan's record-keeper. *Id.* ¶ *3.4.4.* All expenses related to providing Class Notice to Current Plan

6

Participants will be paid by Costco. *Id.* ¶ 3.4.7. All expenses related to Class Notice to Former Participants shall be paid out of the Former Participant Pool and arranged by Class Counsel. *Id.*

To the extent that Class Members would like more information, the Settlement Administrator[4] will establish a Settlement Website on which it will post the Settlement Agreement, Notices, and relevant case documents, including the Complaint and a copy of all Court orders related to the Settlement. *Settlement ¶¶ 3.41-3.43 and Exs. 2, 3.* The Settlement Administrator also will establish a toll-free telephone line that will provide the option of speaking with a live operator if callers have questions. *Id.*

### E. Attorneys' Fees and Administrative Expenses

The Settlement requires that Class Counsel file their Motion for Attorneys' Fees and Costs at least 30 calendar days prior to the final fairness hearing, and more than two weeks before the Independent Fiduciary files its report. *Id. ¶ 8.3.* Under the Settlement, the requested fees may not exceed $1.5 million dollars. *Id. ¶ 8.4.* In addition, the Settlement provides for recovery of Administrative Expenses related to the Settlement, and for a service award up to $10,000 for the Class Representative. *Id ¶¶ 8.1-8.2.*

### F. Review by Independent Fiduciary

As required under ERISA, Defendants will retain an Independent Fiduciary to review and authorize the Settlement on behalf of the Plan. *Id. ¶¶ 3.1.1-3.1.6; see also*

---

[4] Analytics Consulting, LLC has been selected as the Settlement Administrator, and has extensive experience administering similar ERISA class action settlements. *Settlement 2.30; Secunda Decl. ¶ 30 & Ex. C.*

Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632, as amended, 75 Fed. Reg. 33830. The Independent Fiduciary will issue its report at least 28 days before the final Fairness Hearing, *Settlement ¶ 3.1.3*, so it may be considered by the Court.

## IV. ARGUMENT

### A. Standard of Review

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any settlement agreement that will bind absent class members. This involves a two-step process. *See* Manual for Complex Litigation §§ 21.61–.63, at 308–23 (4th ed. 2004). First, counsel submit the proposed settlement terms to the court, and the court makes a preliminary fairness evaluation. *Id.* § 21.632. Second, following preliminary approval, class members are provided notice of a fairness hearing, at which time arguments and evidence may be presented in support of, or opposition to, the settlement. *Id.* §§ 21.633–.634.

In 2018, Rule 23 was amended to specify uniform standards for settlement approval. *See* Fed. R. Civ. P. 23(e) advisory cmte note (2018). The amended rule states that, at the preliminary approval stage, the court must determine whether it "will likely be able" to approve the proposal. Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e)(2), in turn, specifies the following factors the court should consider at the final approval stage in determining whether a settlement should be approved:

> (A)  the class representatives and class counsel have adequately represented the class;
> (B)  the proposal was negotiated at arm's length;
> (C)  the relief provided for the class is adequate, taking into account:
>> (i)  the costs, risks, and delay of trial and appeal;
>> (ii)  the effectiveness of any proposed method of distributing relief to the class;

<blockquote>
(iii) the terms of any proposed award of attorney's fees; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.
</blockquote>

Fed. R. Civ. P. 23(e)(2).[5]

At this stage, the proposed agreement is viewed "in a light most favorable to settlement." *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996); *Martin v. Caterpillar, Inc.*, 2010 WL 3210448, at *2 (C.D. Ill. Aug. 12, 2010). The ultimate fairness determination is left for final approval, after class members receive notice of the settlement and have an opportunity to be heard. For the reasons that follow, this Court should grant preliminary approval of the Settlement and authorize notice to the Settlement Class.

## V. THE SETTLEMENT MEETS THE STANDARD FOR PRELIMINARY APPROVAL

### A. The Class Is Adequately Represented

The record reflects that the Class is adequately represented. Class Counsel are experienced ERISA litigators with a proven track record. *See Secunda Decl. ¶¶ 14-29.* The named Plaintiff is also an adequate class representative, who has diligently pursued this action on behalf of the Class after acknowledging his duties as class representatives. *See Soulek Decl. ¶¶ 2–3.*

---

[5] Prior to the 2018 Rule 23(e) amendments, the Seventh Circuit required district courts to consider "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby*, 75 F.3d at 1199). Because these factors "overlap," they are considered together with the Rule 23(e)(2) factors below. *See Hale v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 6606079, at *2 (S.D. Ill. Dec. 16, 2018); *In re NCAA Student-Athlete Concussion Injury Litig.*, 332 F.R.D. 202, 217 (N.D. Ill. 2019), *aff'd sub nom. Walker v. NCAA*, 2019 WL 8058082 (7th Cir. Oct. 25, 2019).

## B. The Proposal Was Negotiated at Arm's-Length

Where experienced counsel has negotiated a settlement at arm's-length, with the help of an experienced mediator, a strong initial presumption is created that the compromise is fair. *See Eubank v. Pella Corp.*, 2019 WL 1227832, at *3 (N.D. Ill. Mar. 15, 2019); *Hale*, 2018 WL 6606079, at *3. That is exactly the situation here: The settlement negotiations took place in the context of an arm's length mediation session before an experienced and impartial mediator. *See Secunda Decl. ¶ 10 & Ex. B.*

As noted above, Class Counsel are experienced litigators who serve as class counsel in ERISA actions involving defined-contribution plans. Further, the settlement negotiations took place in the context of an arm's length mediation session before an experienced and impartial mediator. *See Secunda Decl. ¶ 10 & Ex. B.* "[T]he stage of the proceedings and the amount of discovery completed at the time of settlement," and "the opinion of experienced counsel" are also pertinent to the Court's review. *Synfuel Techs., Inc.*, 463 F.3d at 653. Relevant here: (1) Class Counsel undertook an extensive investigation of the factual and legal bases for Plaintiff's claims prior to commencing the action, *Secunda Decl. ¶ 8*; (2) the Parties' legal positions were staked out in connection with the motion to dismiss, *id. ¶ 9*; and (3) Class Counsel had the necessary experience and qualifications to evaluate the Parties' legal positions and the early discovery that was produced, *id. ¶¶ 14–29.* These circumstances further favor approval of the Settlement. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 864 (7th Cir. 2014) (noting that, "although formal discovery had not commenced, [plaintiffs] had access to extensive public documents," and settlement was reached "after an arm's-length negotiation where the parties' positions on liability and damages

10

were extensively briefed and debated" before an experienced mediator); *Dolins v. Cont'l Cas. Co.*, No. 1:16-cv-08898, Dkt. 133, at *5 (N.D. Ill. Sept. 20, 2018) ("The negotiations were supported by a robust investigation before commencement of the Lawsuit; the production and review of confidential documents … during mediation discovery; and extensive legal and factual research on the issues in the case.")

### C. The Settlement Terms Are Fair and Adequate

#### 1. The Monetary and Prospective Relief Is Significant

The product of these serious and informed negotiations is a Settlement that provides significant benefits to the class.

The negotiated relief represents a significant portion of the alleged losses sustained by the Plan. For purposes of mediation, Plaintiff estimated that the total retirement plan fees (RPS) exceeded a reasonable amount by $30 million. *Secunda Decl. ¶ 4.* Based on this estimate, the $5.1 million recovery represents over 16% of the allegedly excessive RPS fees. *Id.* This is on par with numerous other ERISA class action settlements that have been approved across the country.[6]

---

[6] *See, e.g.*, *Toomey v. Demoulas Super Markets, Inc.*, No. 1:19-cv-11633, Dkt. 95 at 10 (Mar. 24, 2021), *approved* Dkt. 100 (D. Mass. Apr. 7, 2021) (approving settlement that represented approximately 15–20% of alleged losses); *Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-cv-00563, Dkt. 211 (May 20, 2020), *approved* 2020 WL 6114545, at *1 (S.D.N.Y. Oct. 7, 2020) (16% of alleged losses); *Price v. Eaton Vance Corp.*, No. 18-12098, Dkt. 32 at 12 (May 6, 2019), *approved* Dkt. 57 (D. Mass. Sept. 24, 2019) (23% alleged losses); *Sims v. BB&T Corp.*, 2019 WL 1995314, at *5 (M.D.N.C. May 6, 2019) (19% of estimated losses); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2018 WL 8334858 (C.D. Cal. July 30, 2018) (25% of estimated losses); *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, 2018 WL 2183253, at *6–7 (N.D. Cal. May 11, 2018) (approximately 10% of losses under Plaintiffs' highest model); *see also In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 715 (E.D. Pa. 2001) (since 1995, class action settlements have typically "recovered between 5.5% and 6.2% of the class members' estimated losses".)

## 2.    The Risks, Costs, and Delay, of Further Litigation Were Significant

In the absence of a settlement, Plaintiff and the Settlement Class would have faced potential risks. At the time of settlement, Defendants' motion to dismiss was fully briefed and remained pending.[7] In the event the motion was denied, there remained a risk that the Court might have dismissed the claims on summary judgment. If the case proceeded to trial, the Defendants still might have prevailed.[8] Finally, even if Plaintiffs prevailed on liability, issues regarding loss would have remained. *See* Restatement (Third) of Trusts, § 100 cmt. b(1) (determination of investment losses in breach of fiduciary duty cases is "difficult".)

At a minimum, continuing the litigation would have resulted in complex and costly proceedings, and significantly delayed any relief to the Class. ERISA cases such as this can extend up to a decade before final resolution, sometimes going through multiple appeals.[9] The duration of these cases is, in part, a function of their complexity, which further weighs in favor of the Settlement. *See Abbott v. Lockheed Martin Corp.*, 2015 WL 4398475, at *2 (S.D. Ill. July 17, 2015) (noting that ERISA cases such as this are "particularly complex"); *Koerner v. Copenhaver*, 2014 WL 5544051, at *4 (C.D. Ill. Nov. 3, 2014) ("The facts giving rise to Plaintiffs' claims are complicated,

---

[7] Motions to dismiss have been granted in other ERISA class action cases in this circuit. *See, e.g., Albert v. Oshkosh Corp.*, 2021 WL 3932029 (E.D. Wis. Sept. 2, 2021), *appeal filed* (7th Cir. October 1, 2021); *Martin v. CareerBuilder, LLC*, No. 19-cv-6463, 2020 WL 3578022 (N.D. Ill. July 1, 2020).

[8] *See, e.g., Rozo v. Principal Life Ins. Co.*, 2021 WL 1837539 (S.D. Iowa Apr. 8, 2021); *Sacerdote v. New York Univ.*, 328 F. Supp. 3d 273 (S.D.N.Y. 2018), *aff'd*, 9 F.4th 95 (2d Cir. 2021); *Wildman v. Am. Century Servs., LLC*, 362 F. Supp. 3d 685 (W.D. Mo. 2019).

[9] *See, e.g., Spano v. Boeing Co.*, 2016 WL 3791123, at *1, 4 (S.D. Ill. Mar. 31, 2016) (9 years); *Abbott v. Lockheed Martin Corp.*, 2015 WL 4398475, at *1 (S.D. Ill. July 17, 2015) (8.5 years); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-00703, Dkt. 559 (S.D. Ill. Jan. 31, 2014) (more than 7 years).

12

require the elucidation of experts, and are far from certain.")

None of this is to say that Plaintiff lacked confidence in his claims. However, given the risks and costs of litigation, it was reasonable for Plaintiff to reach a settlement on these terms. *See Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 582–83 (N.D. Ill. 2011); *accord Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976) ("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have spent a large amount of money, time, and effort.").

### 3. The Proposed Method of Distributing Relief to The Class Is Effective

Consistent with numerous other ERISA settlements that have received court approval,[10] Current Participants will receive an administrative fee reduction valued at a maximum of $3.2 million, and Former Participants may elect to receive a check. *See Settlement ¶¶ 5.2, 7.3*.10. This method of distribution is effective and efficient.

### 4. The Settlement Imposes a Reasonable Limitation on Attorney's Fees

The amount of any fee award is reserved to the Court in its discretion. *See Settlement ¶ 3.2.7*. However, Class Counsel have agreed to limit their request to $1.5 million which is slightly less than 30% of the settlement amount. *Id. ¶8.1*. This is less than the amount typically awarded in complex ERISA cases such as this. *See Bell v. Pension Comm. of ATH Holding Co.*, 2019 WL 4193376, at *3 (S.D. Ind. Sept. 4, 2019) (collecting cases).

### 5. No Separate Agreements Bear on the Adequacy of Relief to the Class

There are no side agreements relating to the Settlement. As the Settlement

---

[10] *See, e.g., Kinder v. Koch Indus., Inc.*, 2021 WL 3360130, at *1–2 (N.D. Ga. July 30, 2021); *Karpik v. Huntington Bancshares Inc.*, 2021 WL 757123, at *2 (S.D. Ohio Feb. 18, 2021); *Dolins v. Cont'l Cas. Co.*, No. 1:16-cv-08898, Dkt. 122-1 § 9 (N.D. Ill. Aug. 6, 2018).

13

plainly and expressly states, "[t]his Agreement and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto." *Settlement ¶ 14.11.*

### D. The Settlement Treats Class Members Equitably

Finally, the Settlement also treats Class Members equitably. As noted above, the Settlement Amount will be allocated among eligible Current Participants on a *pro rata* basis in the form of an administrative fee reduction, the same allocation formula is used to calculate settlement payments for all eligible Former Participants, and that formula is tailored to the claims asserted in the case because the claims involved excessive administrative fees. *See Settlement ¶¶ 5.3*; 7.3 *Secunda Decl. ¶ 7.* This further supports approval of the Settlement.

### VI. THE CLASS NOTICE PLAN IS REASONABLE AND SHOULD BE APPROVED

The Court also must ensure that notice is sent in a reasonable manner to all class members who would be bound by the settlement. Fed. R. Civ. P. 23(e)(1). The "best notice" practicable under the circumstances includes individual notice to all class members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B). That is precisely the type of notice proposed here, as the Settlement Administrator or Costco will individually send Settlement Notices of the Settlement to Class Members. *Settle-ment ¶ 3.4.1-3.4.7.* This type of notice is presumptively reasonable. *See Phillips Pet-rol. Co. v. Shutts,* 472 U.S. 797, 812 (1985); *Snyder v. Ocwen Loan Serv'g*, 2019 WL 2103379, at *8 (N.D. Ill. May 14, 2019). Moreover, the content of the Settlement Notices is reasonable, as they contain informational terms, the

14

claims asserted in the action, the definition of the class, the scope of the class release, the opportunity for Former Participants to receive benefits by check, the process for making an objection, Class Members' right to appear at the Fairness Hearing, and the proposed attorneys' fees, expenses, and service awards. *See Settlement Exs. 2, 3.*

## VII. THE PROPOSED CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES

Finally, this Court should certify the Settlement Class for settlement purposes.[11] "ERISA class actions are commonly certified" under Rule 23 because ERISA breach of fiduciary duty claims are brought on behalf the plan as a whole. *Neil v. Zell*, 275 F.R.D. 256, 267 (N.D. Ill. 2011). That is precisely the nature of this action. *See Am. Compl. (Dkt. 20) ¶ 35* (citing 29 U.S.C. §§ 1109, 1132(a)(2)).

### A. The Proposed Settlement Class Satisfies Rule 23(a)

Rule 23(a) of the Federal Rules of Civil Procedure sets forth four requirements applicable to all class actions: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem*, 521 U.S. at 620. Each of these requirements is met in this case.

*Numerosity.* As noted above, there are approximately 250,000 Class Members. *See supra* at Part III.A. This far exceeds the threshold for numerosity. *See Neil*, 275 F.R.D. at 260.

*Commonality.* "[T]he commonality requirement is typically easily satisfied in ERISA cases." *Shanechian v. Macy's, Inc.*, 2011 WL 883659, at *3 (S.D. Ohio March 10, 2011); *see also In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 452

---

[11] In the context of a settlement, class certification is more easily attained because the court need not inquire whether a trial of the action would be manageable on a class-wide basis. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

(S.D.N.Y. 2004) ("In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries."). Here, as in other ERISA cases, there are common questions, such as (1) whether the Plans' recordkeeping expenses were excessive; (2) whether Defendants breached their fiduciary duties to the Plans; and (3) whether the Plans suffered losses from the alleged fiduciary breaches. Accordingly, commonality is satisfied. *See, e.g.*, *Neil*, 275 F.R.D. at 260–61; *Godfrey v. GreatBanc Tr. Co.*, 2021 WL 679068, at *4 (N.D. Ill. Feb. 21, 2021).

*Typicality.* The typicality requirement "tend[s] to merge" with commonality. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Godfrey*, 2021 WL 679068, at *5. Typicality is satisfied here because "the named representatives' ERISA claims share the same 'essential characteristics' of the 'claims of the class at large' in that they seek to (1) obtain recovery owed to the Plan[s] and (2) hold fiduciaries accountable for breaching their duties." *Id.* (citing *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993)).

*Adequacy.* The adequate representation inquiry considers the adequacy of the named plaintiff and class counsel. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), *as modified* (Sept. 22, 2011). Both are adequate here for the reasons noted above. *See supra* at Part V.A.

The named Plaintiff has no known conflicts of interest with other Class Members,

16

has assisted in pursuing the action (including by attending the mediation), and has acknowledged his responsibilities as class representative. *See Soulek Decl. ¶¶ 2–3.* This is sufficient to demonstrate adequacy. As a member of the Plan, his interests are aligned with other class members. *See Rush v. GreatBanc Tr. Co.,* 2021 WL 2453070, at *7 (N.D. Ill. June 16, 2021); *Godfrey,* 2021 WL 679068, at *5–6.

For their part, Class Counsel are experienced ERISA litigators. *See supra* at Part V.A; *Secunda Decl. ¶¶ 17–18.* Thus, Class Counsel are also adequate to represent the Class.

### B.     The Proposed Class Satisfies Rule 23(b)(1)

In addition to meeting the requirements of Rule 23(a), the proposed Class satisfies Rule 23(b)(1). Under Rule 23(b)(1), a class may be certified if prosecution of separate actions by individual class members would create a risk of:

> (A)     inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B)     adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1). The claims here plainly satisfy this test because they are brought derivatively on behalf of the Plans under ERISA, *see* 29 U.S.C. §§ 1109 and 1132(a)(2), and the outcome will necessarily affect the participants in the Plan and the Plan's fiduciaries. *See Godfrey,* 2021 WL 679068, at *7. Indeed, courts have held that "breach of fiduciary duty claims brought [under section 1132(a)(2)] are 'paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class.'" *Neil,*

275 F.R.D. at 267–68 (collecting cases); *In re Household Int'l, Inc. ERISA Litig.*, 2004 WL 7329911, at *2 (N.D. Ill. Nov. 22, 2004).[12] This case is no exception.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) preliminarily approve the Parties' Class Action Settlement Agreement; (2) approve the proposed Settlement Notices and authorize distribution of the Notices to the Settlement Class; (3) preliminarily certify the Settlement Class for settlement purposes; (4) schedule a final approval hearing; and (5) enter the accompanying Preliminary Approval Order.

Dated this 14th day of March, 2022

**WALCHESKE & LUZI, LLC**

s/ Paul M. Secunda
James A. Walcheske
Scott S. Luzi
Paul M. Secunda
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: psecunda@walcheskeluzi.com

*ATTORNEYS FOR PLAINTIFF*

---

[12] The Advisory Committee Notes to Rule 23 expressly recognize that class certification is appropriate under Rule 23(b)(1)(B) in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." Fed. R. Civ. P. 23, Advisory Committee Note (1966).

18