# EXHIBIT A

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among Dustin S. Soulek ("Plaintiff" or "Class Representative"), all Class Members, and Defendants Costco Wholesale Corporation, the Costco Wholesale Corporation Board of Directors and the Costco Benefits Committee (collectively, "Costco" or "Defendants"). The Class Representative (on behalf of himself, the Plan, and Class Members), and Costco are referred to collectively herein as the "Settling Parties."

**1.     Article 1 – Recitals**

1.1     On June 23, 2020, Plaintiff filed a complaint (Case No. 1:20-cv-00937) on behalf of himself and a proposed class of certain participants and beneficiaries of the Costco 401(k) Retirement Plan (the "Plan"). The operative, amended complaint filed in that action (the "Class Action Complaint") asserts various claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") based on Defendants' alleged management, operation and administration of the Plan.

1.2     The case was extensively litigated, with motions to dismiss filed as to both the original and amended complaints. The motion to dismiss the amended complaint is fully briefed and, when this agreement was reached, remained pending before the Court.

1.3     On January 12, 2022, the Settling Parties held a full-day private mediation with Mediator Robert Meyer of JAMS. The Settling Parties reached agreement on the terms of a potential settlement during the mediation, and signed a Memorandum of Understanding regarding the principal settlement terms dated February 17, 2022. Thereafter, the Settling Parties continued negotiations regarding the terms of the Settlement Agreement.  The entirety of the agreement reached by the Settling Parties is memorialized in the Settlement Agreement.

1.4     The Class Representative and Class Counsel consider it desirable and in the Plan's and Class Members' best interests that the claims against Defendants be settled upon the terms set forth below. The Class Representative and Class Counsel have concluded that such terms are fair, reasonable, and adequate and that this settlement will result in benefits to the Plan and the Settlement Class.

1.5     Defendants deny all allegations of wrongdoing and deny all liability for the allegations and claims made in the Class Action. Defendants maintain that they are without fault or liability. Defendants contend that the Plan has been managed, operated and administered at all relevant times in compliance with ERISA and applicable regulations, including the fiduciary responsibility and prohibited transaction provisions of ERISA. The Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of any wrongdoing, fault or liability of any kind by any of the Defendants.

**1.6**   The Settling Parties have concluded that it is desirable that the Class Action be finally settled upon the terms and conditions set forth in the Settlement Agreement.

**1.7**   Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows.

**2.   Article 2 – Definitions**

As used in the Settlement Agreement and the Exhibits hereto (as listed in Paragraph 14.16), unless otherwise defined, the following terms have the meanings specified below:

**2.1**   "Administrative Expenses" means all costs and expenses associated with notice to Former Participants and the administration or distribution of the Former Participant Pool.

**2.2**   "Alternate Payee" means a person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order that has been recognized by the Plan Administrator and who had a Plan account separate from a Former or Current Participant's Plan account.

**2.3**   "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel in connection with the Class Action, and includes but is not limited to attorneys' fees and all costs and expenses advanced and carried by Class Counsel. The amount of attorneys' fees for Class Counsel shall not exceed $1,500,000 (one million, five hundred thousand dollars), which shall be paid by Costco Wholesale Corporation. Class Counsel also will seek reimbursement for all costs and expenses advanced and carried by Class Counsel in this litigation, not to exceed $40,000 (forty thousand dollars), which shall be paid from the Former Participant Pool, as defined herein.

**2.4**   "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan due to the death of a Plan participant. A Beneficiary includes, but is not limited to, a surviving spouse, domestic partner, or child of a Plan participant, who had a Plan account separate from a Former or Current Participant's Plan account.

**2.5**   "Claim Form" means the claim form to be submitted by Former Participants and certain eligible Current Participants in order to receive a payment from the Former Participant Pool pursuant to Article 7 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 6.

**2.6**   "Class Action" means the action styled *Soulek v. Costco Wholesale Corporation,*

*et al., Case No. 1:20-cv-00937*, and venued in the United States District Court for the Eastern District of Wisconsin.

2.7 "Class Action Complaint" means the Amended Complaint filed in the Class Action on September 21, 2020.

2.8 "Class Counsel" means Paul M. Secunda, James A. Walcheske, and Scott S. Luzi or Walcheske & Luzi, LLC.

2.9 "Class Members" means all individuals who meet the definition of the Settlement Class.

2.10 "Class Period" means the period from May 30, 2014 through the date the Settlement Class is certified by the Court.

2.11 "Class Representative" means Dustin S. Soulek.

2.12 "Class Representative's Compensation" means an amount to be determined by the Court, but not to exceed $10,000 (ten thousand dollars) for Class Representative, which shall be paid from the Former Participant Pool directly to the Class Representative.

2.13 "Court" means the United States District Court for the Eastern District of Wisconsin.

2.14 "Current Participants" means all participants, Beneficiaries, and Alternate Payees of the Costco 401(k) Retirement Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) who have a Plan account as of the date the Settlement Class is certified by the Court.

2.15 "Current Participant Settlement Notice" means the Settlement Notice intended for distribution to Current Participants, in substantially the form attached hereto as Exhibit 2.

2.16 "Defendants" means Costco Wholesale Corporation, the Costco Wholesale Corporation Board of Directors and the Costco Benefits Committee.

2.17 "Defense Counsel" means counsel for Defendants, including Seyfarth Shaw LLP.

2.18 "Escrow Agent" means Analytics Consulting, LLC.

2.19 "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement, (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representative's Compensation, and (c) whether to finally approve the Settlement Agreement under Fed. R. Civ. P. 23.

**2.20** "Final Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of the Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 4 hereto.

**2.21** "Final" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any Settling Party, without any possibility of a reversal, vacated, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent any Review Proceeding, the Final Order becomes Final thirty-one (31) calendar days after the time for appeal expires. If any person institutes a Review Proceeding, the Final Order shall become Final thirty-one (31) days after such Review Proceeding is resolved and the time for any further appeal expires.

**2.22** "Former Participants" means all participants, Beneficiaries, and Alternate Payees of the Costco 401(k) Retirement Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) who do not have a Plan account as of the date the Settlement Class is certified by the Court, and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance and such months to be calculated as of the last business day of a month).

**2.23** "Former Participant Pool" shall mean the gross sum of $400,000.00 (four hundred thousand dollars) to be provided by Costco Wholesale Corporation, to pay claims submitted by Former Participants and by certain eligible Current Participants in connection with the Settlement, along with certain other expenses, as described in Article 7.

**2.24** "Former Participant Settlement Notice" means the Settlement Notice intended for distribution to Former Participants, in substantially the form attached hereto as Exhibit 3.

**2.25** "Independent Fiduciary" means an independent fiduciary to be selected by Defendants for purposes of issuing a written opinion approving the Settlement and satisfying all conditions necessary for the Plan to release the Plan fiduciaries pursuant to Department of Labor Prohibited Transaction Class Exemption 2003-39 (as updated).

**2.26** "Plan" means the Costco 401(k) Retirement Plan.

**2.27** "Plan Administrative Service Per Capita Recordkeeping Fee" means the quarterly fee that is deducted from Plan accounts to defray basic recordkeeping services.

**2.28** "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 1.

**2.29** "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether involving legal equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that have been, could have been, or could be brought by or on behalf of all or any Class Member or the Plan at any point prior to the Court's final approval of the Settlement, and that were asserted in the Lawsuit or that might have been asserted in the Lawsuit under any legal or equitable basis related in any way to the Plan, that relate in any way to the subject matter of the lawsuit or the fees, expenses, investments, investment performance and or management of the Plan, that assert a claim for breach of fiduciary duty against any Plan fiduciary, that relate to the compensation or services of any Plan service provider or Plan fiduciary, or that relate to or arise out of the defense or settlement of the Lawsuit, including any claim that the Settlement Agreement or any aspect of its implementation violates any applicable law or right of any Settlement Class Member, or that would have been barred by the doctrine of res judicata or claim preclusion had the Lawsuit been fully litigated to a final judgment.

**2.30** "Released Settling Parties" means (i) Costco Wholesale Corporation and its current and former subsidiaries and affiliates, (ii) all current and former members of the Costco Benefits Committee, (iii) all current and former members of the Costco Wholesale Corporation Board of Directors and/or its committees, (iv) every person who is or was a director, officer, governor, management committee member, in-house counsel, employee, or agent of Costco Wholesale Corporation and/or any of its subsidiaries or affiliates, and (v) any and all current or former trustees, investment advisers, service providers, consultants, advisors, recordkeepers, and fiduciaries (including de facto fiduciaries, but not including the Independent Fiduciary) for the Plan, together with any of their present or former representatives, insurers, reinsurers, consultants, administrators, representatives, attorneys, employee benefit plans, consultants, advisors, investment advisers, investment underwriters, and spouses.

**2.31** "Settlement" refers to the agreement embodied in this agreement and its exhibits.

**2.32** "Settlement Administrator" means Analytics Consulting, LLC, retained by Class Counsel, with the approval of Defendants, and to be paid solely from the Former Participant Pool.

**2.33** "Settlement Agreement Execution Date" means that date on which the final signature is affixed to the Settlement Agreement.

**2.34** "Settlement Class" means all participants, beneficiaries, and alternate payees of the Costco 401(k) Retirement Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan): (1) who have a Plan account as of the date the Settlement Class is certified by the Court or (2) who do not have a Plan account as of the date the Settlement Class is certified by the Court, and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance and months to be calculated as of the last business day of a month).

**2.35** "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 12.

**2.36** "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be provided to Class Members following the Court's issuance of the Preliminary Order. The full Settlement Notices will be in substantially the form attached hereto as Exhibits 2 and 3. The full Settlement Notices also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notices may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; and (c) Class Representative's Compensation.

**2.37** "Settling Parties" or "Settling Party" means the Class Representative (on behalf of himself, the Plan, and Class Members), and/or Defendants.

**3.** **Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

**3.1** The Independent Fiduciary shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

**3.1.1** The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination, for the purpose of Defendants' reliance on PTE 2003-39.

**3.1.2** To the extent the Independent Fiduciary determines that the fee reduction to be provided to Current Participants (as described in Article 5) constitutes a "non-cash asset" for purposes of PTE 2003-39, the Independent Fiduciary will determine the value of that fee reduction solely for purposes of evaluating the settlement by computing the present value of the fee reduction as of the date Preliminary Approval is granted. This present value computation will be based on an estimate of the length of time it would take for the cumulative fee reduction (as described in Paragraphs 5.2 and 5.3) to total $3,200,000 (three million, two hundred thousand dollars). For purposes of determining the present value of the reduction of the Plan Administrative Service Per Capita Recordkeeping Fee, the Independent Fiduciary shall assume (1) that the per Plan account per quarter fee will be exactly $3.25 for all relevant quarters, and (2) the number of fee-paying Plan accounts in each quarter will equal the number of such accounts that existed as of the last business day of the most recent calendar quarter prior to Preliminary Approval. The present value calculation described in this Paragraph 3.1.2 will be used solely for purposes of PTE 2003-39 and will not change Defendants' obligations under this Agreement.

**3.1.3** The Independent Fiduciary shall notify Costco Wholesale Corporation directly of its determination in writing, which notification shall be delivered no later than twenty-eight (28) calendar days before the Fairness Hearing. Within five (5) business days of receipt of the Independent Fiduciary's written determination, Costco will provide a copy of the written determination to Class Counsel.

**3.1.4** All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will be paid by Costco Wholesale Corporation.

**3.1.5** Costco, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

**3.1.6** Within fifteen (15) calendar days of receipt of the written determination by the Independent Fiduciary, Costco shall (a) review the determination

by the Independent Fiduciary, (b) conclude whether the Independent Fiduciary has made the determinations required by PTE 2003-39, and (c) notify Class Counsel in writing of its conclusion in that regard.

**3.2**    Class Representative, through Class Counsel, shall file with the Court motions seeking preliminary approval of the Settlement Agreement, certification of the Settlement Class, and for entry of the Preliminary Order in substantially the form attached hereto as Exhibit 1. The Preliminary Order to be presented to the Court shall, among other things:

    **3.2.1**    Grant the motion to certify the Settlement Class as a mandatory, non-opt-out class pursuant to Fed. R. Civ. P. 23(b)(1) for settlement purposes only;

    **3.2.2**    Approve the text of the Settlement Notices for distribution to Class Members to notify them (1) of the Fairness Hearing and (2) that changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be made without requiring additional mailed notice;

    **3.2.3**    Approve the form of the Claim Form attached hereto as Exhibit 6 for claims from Former Participants and eligible Current Participants for payment from the Former Participant Pool;

    **3.2.4**    Determine that under Rule 23(c)(2)(A) of the Federal Rules of Civil Procedure, the Settlement Notices constitute appropriate notice under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

    **3.2.5**    Authorize distribution of the Settlement Notices by mail or electronic-mail to each Class Member based upon the information provided by the Plan or its recordkeeper, including distribution of the Settlement Notices to Current Participants in combination with routine, scheduled communications by the Plan;

    **3.2.6**    Provide that, pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against any Released Settling Party or the Plan;

**3.2.7** Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Order, and (iii) the Court should approve the application for Attorneys' Fees and Costs, Class Representative's Compensation, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

**3.2.8** Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

**3.2.9** Provide that any Settling Party may file a response to an objection by a Class Member;

**3.2.10** Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

**3.2.11** Determine that the information to be used in connection with the administration of the settlement constitutes Confidential Information that shall be protected from public disclosure.

**3.3** Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests from the Settlement Administrator, including by e-mail, for readily accessible data that is reasonably necessary to accomplish distribution of Settlement Notice to Former Participants, and to distribute the Former Participant Pool. The actual and reasonable expenses (not to exceed $100,000.00) of providing Settlement Notices to Former Participants and of administering the claims and payment process for the Former Participant Pool will be deducted from the Former Participant Pool before any distributions to Former Participants or eligible Current Participants.

**3.3.1** The Class Representative, Class Counsel, any Settlement Administrator and other entities engaged by the Settlement Parties in connection with this Agreement, and their subcontractors, agents, employees and affiliates engaged by such entities in connection with this Agreement, shall use and disclose data provided by Defendants and/or the Plan's

recordkeeper solely for the purpose of meeting their obligations under this Settlement Agreement, and for no other purpose. The Settlement Administrator and other entities described in this paragraph shall be contractually required to maintain all cybersecurity and other protections and controls reasonably required by Defendants.

3.4    By the date and in the manner set by the Court in the Preliminary Order, and unless otherwise set forth below, Settlement Notices shall be provided to Class Members as follows:

3.4.1    The Settling Parties shall cause to be provided to each Class Member a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 2 and 3, or a form subsequently agreed to by the Settling Parties and approved by the Court.

3.4.2    Notice to Settlement Class Members will be accomplished by the most cost-effective means available consistent with Fed. R. Civ. P. 23(e) and due process, which may include electronic notice.

3.4.3    The Settlement Notices will be sent to Class Members as described below. The applicable Settlement Notice (or a link to it) may be sent by email or text message to a Class Member when the Plan recordkeeper's records include an email address or cell phone number for the Class Member. Where the Plan recordkeeper's records do not include an email address (or cell phone number) for a Class Member, and at the option of Class Counsel or Costco (as applicable), Settlement Notice shall be sent to the Class Member by regular United States Postal Service mail to the most recent mailing address reflected in the Plan recordkeeper 's reasonably available electronic Records.

3.4.4    For Current Participants, at Costco's discretion, the Current Participant Settlement Notice may be combined with other communications made to Current Participants by the Plan recordkeeper.

3.4.5    For Former Participants, the Former Participant Settlement Notice shall be sent to each Former Participant. Defendants will cause the Plan recordkeeper to deliver Plan recordkeeper records to the Settlement Administrator to the extent reasonably necessary for it to provide the Former Participant Settlement Notice to Former Participants. The parties agree that mailed notice may be provided to Former Participants by way of a postcard notice including directions for viewing the full notice on a mutually agreeable website. The Parties further agree that the Settlement Administrator will take reasonable steps to minimize the cost of mailing, including comparing the Plan's records to the National Change of

10

Address database or other sources to confirm mailing addresses prior to mailing.

**3.4.6** Where a mailed notice to a Former Participant is returned as undeliverable (and notice to that Former Participant cannot be accomplished through available email address and/or cell phone number), the Settlement Administrator shall attempt, by commercially reasonable means, to obtain updated mailing address information for the Former Participant, and—if updated information is obtained—shall make one additional attempt to mail notice to said Former Participant.

**3.4.7** All expenses related to delivering the Current Participant Settlement Notice to Current Participants shall be paid by Costco Wholesale Corporation. All expenses related to delivering the Former Participant Settlement Notice to Former Participants shall be paid out of the Former Participant Pool.

## 4. Article 4 – Final Settlement Approval

**4.1** No later than ten (10) business days before the Fairness Hearing, Class Counsel shall submit to the Court a mutually agreed upon motion for entry of the Final Order (Exhibit 4) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of the Settlement Agreement and entry of the Final Order in accordance with the Settlement Agreement. The Final Order as proposed shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

**4.1.1** Approval of the Settlement of the Released Claims covered by the Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2** A determination under Rule 23(c)(2)(A) of the Federal Rules of Civil Procedure that the Settlement Notices constitute appropriate notice under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

**4.1.3** Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representative on his own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

**4.1.4**   That each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (i) conclusively deemed to have, and by operation of the Final Order to have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Settling Parties from all Released Claims, and (ii) barred and enjoined from suing the Released Settling Parties or the Plan in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs;

**4.1.5**   That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Settling Parties from all Released Claims, and (ii) barred and enjoined from suing the Released Settling Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs;

**4.1.6**   That each Class Member shall release the Released Settling Parties, Defense Counsel, and Class Counsel, and the Plan for any claims, liabilities, and attorneys' fees and expenses arising from the Settlement and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.7**   That all applicable CAFA requirements have been satisfied;

**4.1.8**   That the Settlement Administrator shall have final authority to determine the share of the Former Participant Pool to be allocated to each Former Participant and eligible Current Participant who submits a claim for payment pursuant to this Settlement, as described in Article 7 of this Agreement;

**4.1.9**      That within twenty-one (21) calendar days following the issuance of all settlement payments to Former Participants or eligible Current Participants from the Former Participant Pool, the Settlement Administrator shall prepare and provide to Class Counsel, through Defense Counsel, a list of each person who received a settlement payment from the Former Participant Pool, and the amount of such payment.

**4.2**      The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that, upon its entry, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by the Final Order.

**5.**      **Article 5 – Fee Reduction for Current Participants**

**5.1**      Commencing no later than the end of the first calendar quarter beginning after the Settlement Effective Date, Costco will ensure that the Plan Administrative Service Per Capita Recordkeeping Fee deducted from Plan accounts does not exceed $3.25 per Plan account per quarter.

**5.2**      Costco's obligation to ensure that the Plan Administrative Service Per Capita Recordkeeping Fee deducted from Plan accounts does not exceed $3.25 per Plan account per quarter shall continue for the number of calendar quarters necessary for the value of the reduction of the Plan Administrative Service Per Capita Recordkeeping Fee amount to total $3,200,000 (three million, two hundred thousand dollars).

**5.3**      The following calculation applies to determine whether the value of the reduction of the Plan Administrative Service Per Capita Recordkeeping Fee has been reached: (1) subtract from the actual per Plan account recordkeeping fee charged in the first quarter of 2022 the fee charged in the subsequent quarter in question, and (2) multiply the result by the number of fee-paying Plan accounts during the quarter in question, and then (3) add the results for all such quarters. If this calculation results in a reduction in the Plan Administrative Service Per Capita Recordkeeping Fee for any fraction of a calendar quarter, the fee for such quarter may be reduced on a pro rata basis such that the total fee reduction does not exceed $3,200,000 (three million, two hundred thousand dollars)

**5.4**      Costco may, but is not required to, meet its obligation to ensure the value of the Plan Administrative Service Per Capita Recordkeeping Fee reduction in the amount described in Paragraph 5.2 by obtaining a Plan Administrative Service Per Capita Recordkeeping Fee lower than $3.25 per Plan account in one or more quarters. Costco may arrange for a lower Plan Administrative Service Per Capita Recordkeeping Fee called for by this Settlement Agreement by any reasonable means including, but not limited to, direct negotiation with the recordkeeper, a

request for proposal, and/or a company subsidy.

**6.    Article 6 – The Former Participant Pool**

6.1    No later than thirty (30) days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account, which shall serve as the Former Participant Pool. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Code Section 468B and Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary Settling Parties, and thereafter to cause the appropriate filing to occur.

6.2    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the gross amount of the Former Participant Pool (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 6.1 shall be consistent with this Article 6 and, in all events, shall reflect that all taxes (as defined in Paragraph 6.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Former Participant Pool shall be deducted and paid from the Former Participant Pool as provided in Paragraph 6.3.

6.3    Taxes and tax expenses are to be deducted and paid from the Former Participant Pool, including but not limited to: (1) all taxes (including but not limited to any federal, state or local employment, withholding, estimated taxes, interest, or penalties) arising with respect to the payments to Former Participants and eligible Current Participants from and income earned by the Former Participant Pool, including any taxes or tax detriments that may be imposed upon Defendants or Defense Counsel with respect to any income earned by the Former Participant Pool for any period during which the Former Participant Pool does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 6 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 6 or

required by law). Such taxes and tax expenses shall be paid timely by the Escrow Agent out of the Former Participant Pool without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Settling Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 6.

**6.4**    Within forty-five (45) days after the Preliminary Order is entered, Costco Wholesale Corporation, or its agent(s), will deposit $400,000 (four hundred thousand dollars) into the Former Participant Pool. Provided, however, that Costco Wholesale Corporation will only be obligated to deposit these funds if the Escrow Agent shall have furnished to Costco in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions within ten (10) business days after the entry of the Preliminary Order and Costco shall have received a copy of the signed Preliminary Order.

**6.5**    The Escrow Agent shall, at the written direction of Class Counsel, invest the Former Participant Pool in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, if feasible, or else in an account fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

**6.6**    The Escrow Agent shall not disburse the Former Participant Pool or any portion except as provided in the Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Settlement Agreement.

**6.7**    Prior to the Settlement Effective Date, the Escrow Agent shall disburse up to $25,000 (twenty-five thousand dollars) to the Settlement Administrator for costs actually incurred in connection with distribution of Settlement Notice to Former Participants.

**6.8**    After the Settlement Effective Date, the Former Participant Pool will be distributed from the Qualified Settlement Fund as follows: (a) first, all costs and expenses advanced and carried by Class Counsel and awarded by the Court shall be paid to Class Counsel no later than eight (8) calendar days after the Settlement Effective Date; (b) second, all costs incurred by the Escrow Agent and the

Settlement Administrator in connection with distribution of Settlement Notice to Former Participants and/or in administering the Former Participant Pool not paid previously shall be paid no later than eight (8) calendar days after the Settlement Effective Date; (c) third, any Class Representative Compensation ordered by the Court shall be paid no later eight (8) calendar days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) costs incurred in administering the Former Participant Pool before the Settlement Effective Date but not yet paid, (2) costs estimated to be incurred in administering the Former Participant Pool after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, no earlier than the later of (1) 31 business days after the Final Order becomes Final or (2) the period to submit Claim Forms expires, the Net Settlement Amount will be distributed to Former Participants and eligible Current Participants in accordance with the terms of Article 7; and (f) sixth, any funds from the Former Participant Pool that remain unclaimed (including but not limited to uncashed checks) or otherwise undistributed will be used to offset Plan-chargeable expenses. Pending final distribution of the Former Participant Pool in accordance with the terms of Article 7, the Escrow Agent will maintain the Qualified Settlement Fund. Costco shall not, under any circumstances, have any obligation to pay more than $400,000 toward the Former Participant Pool described in Paragraph 6.4.

**6.9**  The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Former Participant Pool of all taxes and tax expenses, if any, described in Section 6.3 and otherwise owed with respect to the Former Participant Pool and for all tax reporting, notices, payment, remittance, and/or withholding obligations, if any, for amounts distributed from it.  Released Settling Parties, Defense Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or for any tax notices, payment, remittance reporting and/or withholding obligations, if any, of the Qualified Settlement Fund.

**7.  Article 7 – Former Participant Pool Claims Process**

**7.1**  After the Settlement Effective Date, and after accounting for items (a) though (d) in Paragraph 6.8, the Settlement Administrator shall cause the Former Participant Pool to be allocated and distributed in accordance with the Plan of Allocation set forth in this Article 7 and as ordered by the Court.

**7.2  Eligibility for Payment from Former Participant Pool**

**7.2.1**  Former Participants and eligible Current Participants (Current Participants who cease to have a Plan account by the Settlement Effective Date) will be eligible for payment from the Former Participant

Pool on a claims-made basis.

**7.2.2**    To make a claim for payment from the Former Participant Pool, a Former Participant or eligible Current Participant must submit a valid and timely Claim Form, which shall include the Class Member's (i) full name; (ii) current mailing address and email address; (iii) Social Security number; and (iv) signature. The Claim Form shall be submitted as instructed on the Claim Form. Only one valid Claim Form will be honored per Class Member, regardless of the number of Plan accounts the Class Member may have had during the Class Period.

**7.2.3**    No payment from the Former Participant Pool shall be made to a Class Member who has a Plan account as of the Settlement Effective Date.

**7.2.4**    In order to be deemed timely, Claim Forms must be received or postmarked by the date specified in the Claim Form.

**7.2.5**    Claim Forms received or postmarked after the date specified in the Claim Form, even if otherwise would be valid, are ineligible for payment

**7.3**    **Calculation of Payments from Former Participant Pool**

**7.3.1**    Payments from the Former Participant Pool to Former Participants and eligible Current Participants determined to have submitted valid, timely claims on a Claim Form, shall be calculated as follows:

**7.3.2**    First, the Settlement Administrator will subtract from the gross Former Participant Pool the sums described in items (a) though (d) of Paragraph 6.8 to determine the net Former Participant Pool;

**7.3.3**    Second, the Settlement Administrator will determine the cumulative total number of calendar quarters in which those Former Participants and eligible Current Participants who submitted valid, timely claims had Plan account balances in excess of $1,000, measured as of the last business day of each calendar quarter in the Class Period;

**7.3.4**    Third, the Settlement Administrator will determine a "Quarterly Proportion" of the net Former Participant Pool, by dividing the amount determined in Paragraph 7.3.2 by the cumulative total number of quarters determined in Paragraph 7.3.3

**7.3.5**    Fourth, the Settlement Administrator will determine each eligible Class Member's pro rata share of the net Former Participant Pool by multiplying the number of calendar quarters in the Class Period in which that Class Member had an account balance in excess of $1,000,

measured of the last business day of each calendar quarter, by the Quarterly Proportion determined in Paragraph 7.3.4.

**7.3.6**  Each eligible Class Member's share of the Former Participant Pool, as calculated pursuant Paragraphs 7.3.5, shall be capped at $15. In no event shall a Class Member receive payment pursuant to this Article 7 in excess of that amount.

**7.3.7**  In the event the calculation described in Paragraph 7.3.5 produces a result less than $5 for a Class Member, such Class Member shall receive no allocation from the Former Participant Pool, regardless of whether such Class Member submitted an otherwise valid and timely Claim Form.

**7.3.8**  However, if the number of Class Members for whom the calculation described in Paragraph 7.3.5 produces a result less than $5 is more than 20% of the total number of Class Members who submit valid, timely claims for payment from the Former Participant Pool, the Settling Parties agree to negotiate in good faith as to modification(s) to that calculation sufficient to ensure payment to a minimum of 90% of the total number of Class Members who submit valid, timely claims for payment from the Former Participant Pool.

**7.3.9**  It is understood by the Settling Parties that some Former Participants and eligible Current Participants who are Class members may not receive a payment under the methodology described in this Article 7.

**7.3.10**  Payments to Class Members from the Former Participant Pool, as calculated according to this Article 7, shall be paid directly by the Settlement Administrator by check.

**7.3.11**  Checks issued pursuant to Paragraph 7.3.10 shall be valid for 180 days from the date of issue. All checks that are undelivered or are not cashed before their expiration date shall revert to the Former Participant Pool.

**7.4**  The Settlement Administrator shall utilize the calculations required to be performed herein for making the payments to eligible Class Members, less any required tax withholdings or penalties. In the event that the Settlement Administrator determines that the calculations outlined in Paragraphs 7.3.2–5 would otherwise require payments exceeding the Former Participant Pool, the Settlement Administrator is authorized to make such changes as are necessary to ensure that the payments do not exceed the Former Participant Pool. The Settlement Administrator shall be solely responsible for performing any calculations required by this Article 7.

**7.5** If the Settlement Administrator concludes that it is impracticable to implement any provision of this Article 7, the Parties will modify promptly the terms of this Article 7 and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. In no event, however, shall Costco be required to pay more than $400,000 with respect to the Former Participant Pool.

**7.6** Within twenty-one (21) calendar days of completing the distribution of all payments called for by this Article 7, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator made a distribution from the Former Participant Pool, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable; (b) the date(s) upon which such distribution was made; (c) the name of each Class Member whose distribution was returned as undeliverable; and (d) the efforts made by the Settlement Administrator to find the correct address and to mail the distribution for such Class Member, as described in Paragraph 3.4.6. These affidavits and the accompanying information shall be considered "Confidential."

**7.7** The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class Counsel, and Class Representative will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Parties.

**7.8** Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold the Released Settling Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Settling Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**8.      Article 8 – Attorneys' Fees and Costs**

**8.1**      Class Counsel intends to seek an award of attorneys' fees not to exceed $1,500,000 (one million, five hundred thousand dollars) and litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $40,000 (forty thousand dollars).

**8.2**      Class Counsel also intends to seek Class Representative's Compensation, in an amount not to exceed $10,000 (ten thousand dollars).

**8.3**      Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) calendar days before the deadline set in the Preliminary Order for objections to the proposed settlement, which may be supplemented thereafter.

**8.4**      It is understood by the Settling Parties that Costco Wholesale Corporation shall pay the attorneys' fees awarded to Class Counsel (if any), not to exceed $1,500,000 (one million, five hundred thousand dollars). It is further understood by the Settling Parties that costs and expenses awarded to Class Counsel, as well as any Class Representative Compensation awarded (if any), will be paid from the Former Participant Pool prior to any distribution of payments to Class Members from same, as outlined in Article 7.

**9.      Article 9 – Release and Covenant Not to Sue**

**9.1**      As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), the Class Representative, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns, agents, and attorneys), on their own behalves and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Settling Parties from the Released Claims whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs and expenses.

**9.2**      As of the Settlement Effective Date, the Class Representative, the Class Members, Defendants, and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

**9.3**     Class Counsel, the Class Representative, Class Members, or the Plan, may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Settling Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, the Class Representative, Class Members, and the Plan shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representative, Class Members, and the Plan acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

**9.4**     The Class Representative, Class Members, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, each of them shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including but not limited to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

**9.5**     Also, the Class Representative and Class Members, shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

**9.6**     The Class Representative, Class Members, Defendants, and the Plan shall hold the Released Settling Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to any tax liability.

**10.**      **Article 10 – Representations and Warranties**

**10.1**     The Settling Parties represent:

     **10.1.1**    That they are voluntarily entering into the Settlement Agreement as a result of arm's length negotiations among their counsel with the assistance of a private mediator, and that in executing the Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently-selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

     **10.1.2**    That they assume the risk of mistake as to facts or law;

     **10.1.3**    That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

     **10.1.4**    That they have read carefully the contents of the Settlement Agreement, and the Settlement Agreement is signed freely by each individual executing the Settlement Agreement on behalf of each of the Settling Parties; and

     **10.1.5**    That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**10.2**     Each individual executing the Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute the Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**11.**      **Article 11 – Additional Terms**

**11.1**     No Settling Party or their counsel will issue a press release or other statement to the media, including on social media, regarding the Class Action or the Settlement Agreement.

**12.**      **Article 12 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination**

**12.1**     The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

     **12.1.1**    Under Paragraph 3.1, (1) either the Independent Fiduciary does not approve the Settlement Agreement, or disapproves the Settlement Agreement for any reason whatsoever or Costco reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties do not mutually agree to modify the terms of the Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39.

     **12.1.2**    The Preliminary Order or the Final Order are not entered by the Court substantially in the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

     **12.1.3**    The Court modifies any material term of the final Settlement Agreement, unless such modifications are agreed to in writing by Class Counsel and Defendants. Material terms for the purposes of this section are any terms contained in the February 17, 2022 Memorandum of Understanding between the Settling Parties, as well as all terms found in Article 9 (Release and Covenant Not to Sue) of this Settlement Agreement.

     **12.1.4**    The Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

     **12.1.5**    The Preliminary Order or Final Order is finally reversed on appeal, or is materially modified on appeal, and the Settling Parties do not mutually agree to any such modifications. Material terms for the purposes of this section are any terms contained in the February 17, 2022 Memorandum of Understanding between the Settling Parties, as well as all terms found in Article 9 (Release and Covenant Not to Sue) of this Settlement Agreement.

**12.2**    If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class Representatives shall for all purposes with respect to the Settling Parties revert to their status immediately prior to the Parties' February 17, 2022 Memorandum of Understanding, as though the Settling Parties never executed the Memorandum of Understanding or the Settlement Agreement. All funds deposited in the Former Participant Pool, and any interest earned thereon, except for any amounts already distributed to the Claims Administrator for Former Participant Notice expenses at the time of the termination, shall be returned to Costco within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 12.4.

**12.3**    It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs,

Class Representative's Compensation, and/or modifies any of the proposed orders insofar as they relate to the amount of Attorneys' Fees and Costs and/or the Class Representative's Compensation.

**12.4** In the event that the Settlement Agreement is terminated, administrative expenses incurred related to Settlement Notice to Former Participants or to administration of the Former Participant Pool prior to the termination shall be paid first from the interest earned, if any, on the Former Participant Pool. Any such incurred expenses in excess of the interest earned on the Former Participant Pool shall be split evenly and paid by Class Counsel, on the one hand, and Defendants, on the other hand.

**13.    Article 13 – Confidentiality of Settlement Negotiations**

**13.1** Except as set forth explicitly below, the Settling Parties and Class Counsel agree to keep confidential all statements, positions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement. Accordingly, neither the negotiations, nor any agreement between the Settling Parties (including February 17, 2022 Memorandum of Understanding) may be disclosed, except: (i) insofar as may be necessary to obtain Court approval of the Settlement; (ii) to management employees of Costco and other employees of Costco as necessary to implement the Settlement, service providers to the Plan as necessary to implement the Settlement, and to Costco's affiliates provided they agree to maintain confidentiality; (iii) as may be necessary for Costco to meet any federal, state or local reporting obligations; (iv) to Settlement Class members; or (v) as otherwise required by law. Provided however, that any such person or entity to whom information is disclosed must promise in writing: (a) that such information shall not be further disclosed, and (b) to comply with this Article 13 in all other respects. The limitations in this paragraph will also apply to the Settlement Agreement, until such time as it is filed with the Court.

**13.2** Within thirty (30) calendar days of the filing of the motion for preliminary approval of the Settlement, Defendants may issue a communication to Plan participants and beneficiaries explaining the terms of the Settlement and Plan of Allocation. If there is any material variation from the long form notice, Defendants shall provide a draft of the communication to Class Counsel in advance of the dissemination of the communication.  Class Representative and Class Counsel also agree that Defendants may separately and independently communicate with management employees of Costco Wholesale Corporation regarding the Settlement.

**13.3** For purposes of administering the settlement, the Settlement Administrator may establish a website where basic case information, including the pleadings and motion papers and the Settlement Notice may be posted and where those eligible to do so may submit claim forms.  The website will not be established any sooner

than notice is sent to Former Participants and will be taken down thirty (30) calendar days after the distribution of payments to Former Participants.

**14.    Article 14 – General Provisions**

14.1    The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of the Settlement Agreement according to its terms.  The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement at least three (3) business days in advance of filing.

14.2    The Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Settling Party of any wrongdoing, fault, or liability whatsoever by any Released Settling Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and Defendants admit no wrongdoing, fault or liability with respect to any of the allegations or claims in the Class Action. The Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.

14.3    Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Former Participant Pool or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Former Participant Pool; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Former Participant Pool; (vi) any losses suffered by, or fluctuations in the value of, the Former Participant Pool; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Former Participant Pool or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Former Participant Pool or otherwise.

14.4    Only Class Counsel shall have standing to seek enforcement of the Settlement Agreement on behalf of Plaintiff and Class Members. Any individual concerned about Defendants' compliance with the Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to Class Counsel. Class Counsel shall have the full and sole discretion to take whatever action they deem

appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

14.5  The Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, by Wisconsin law.

14.6  The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain that jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with the Settlement Agreement. Any motion or action to enforce the Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for the Eastern District of Wisconsin, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

14.7  The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing the Settlement Agreement shall be deemed an original signature for purposes of the Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument. The Settlement Agreement may be executed via an electronic signature using the DocuSign service.

14.8  Each Settling Party to the Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing the Settlement Agreement and that the Settlement Agreement has been explained to that party by his, her, or its counsel.

14.9  Any headings included in the Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in the Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in the Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

14.10  Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, the Settlement Agreement may be

modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approved such modification or amendment in writing. Following entry of the Preliminary Approval Order, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

**14.11**  The Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Settlement other than those contained in the Settlement Agreement and the exhibits thereto.

**14.12**  The provisions of the Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of the Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other Settling Party, whether prior, subsequent, or contemporaneous, of the Settlement Agreement.

**14.13**  Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of the Settlement Agreement.

**14.14**  The provisions of the Settlement Agreement are not severable.

**14.15**  All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of the Settlement Agreement are contained in the Settlement Agreement. No Settling Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in the Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

**14.16**  All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Preliminary Order; Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing (Current Participant Settlement Notice); Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing (Former Participant Settlement Notice); Exhibit 4 – Final Order; Exhibit 5 – Form of CAFA Notice; Exhibit 6 – Claim Form.

**14.17**  No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any Settling Party to the Settlement Agreement because that Settling Party is deemed to have prepared, structured, drafted, or requested the provision.

**14.18** Any notice, demand, or other communication under the Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier;

IF TO THE CLASS REPRESENTATIVE

James A. Walcheske
Scott S. Luzi
Paul M. Secunda
WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469

IF TO DEFENDANT:

Ian H. Morrison
Ada W. Dolph
Thomas M. Horan
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: imorrison@seyfarth.com
E-mail: adolph@seyfarth.com
E-mail: thoran@seyfarth.com

ON BEHALF OF PLAINTIFF Individually and as Class Representative:

Dated: 3/10/2022

Dustin S. Soulek
Plaintiff and Class Representative

Dated: 3/14/22

James A. Walcheske
Scott S. Luzi
Paul M. Secunda
WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469

ON BEHALF OF DEFENDANTS:

Dated:_____

_____ on behalf of
Costco Wholesale Corporation, the
Costco Wholesale Corporation
Board of Directors and the Costco
Benefits Committee

Dated:_____

Ian H. Morrison
Ada W. Dolph
Thomas M. Horan
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: imorrison@seyfarth.com
E-mail: adolph@seyfarth.com
E-mail: thoran@seyfarth.com

Attorneys for Defendants

March 14, 2022

ON BEHALF OF PLAINTIFF Individually and as Class Representative:

Dated: _____

_____
Dustin S. Soulek
Plaintiff and Class Representative

Dated: _____

_____
James A. Walcheske
Scott S. Luzi
Paul M. Secunda
WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469

ON BEHALF OF DEFENDANTS:

Dated: __14 March__

_____
John Sullivan, General Counsel,
on behalf of Costco Wholesale
Corporation, the Costco Wholesale
Corporation Board of Directors and
the Costco Benefits Committee

Dated: __3/14/2022__

_____
Ian H. Morrison
Ada W. Dolph
Thomas M. Horan
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: imorrison@seyfarth.com
E-mail: adolph@seyfarth.com
E-mail: thoran@seyfarth.com

Attorneys for Defendants

{00256400; 1 }                    29

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DUSTIN S. SOULEK, individually,
and as representative of a Class of
Participants and Beneficiaries, of
the Costco 401(k) Retirement Plan;

Plaintiff,                                          Case No. 20-cv-937

v.

COSTCO WHOLESALE CORPORATION, *et al.*

Defendants

## [PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of

the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Defendants

Costco Wholesale Corporation ("Costco"), the Board of Directors of Costco Wholesale

Corporation ("Board Defendants"), and the Costco Benefits Committee ("Benefits Committee")

(collectively, "Defendants") in connection with the management of the Costco 401(k) Retirement

Plan ("Costco Plan" or "Plan").

Presented to the Court for preliminary approval is a settlement of the litigation as against

all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement

dated March 11, 2022, executed by Class Counsel and Defendants' Counsel. Except as

otherwise defined herein, all capitalized terms used herein shall have the same meaning as

ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection with

the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1.      **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

A.      The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B.      The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

C.      Class Counsel and the Class Representative have submitted declarations in support of the Settlement; and

D.      Considering the relevant Seventh Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2.      **Fairness Hearing:** A hearing will be held on [a date no sooner than one hundred twenty (120) calendar days after the date of the Preliminary Approval Order] ____, 2022, at ____ _____.m., in Courtroom XXX of the United States District Court for the Eastern District of Wisconsin, before the undersigned United States Judge, to determine, among other issues:

A.      Whether the Court should approve the Settlement as fair, reasonable, and adequate;

B.      Whether the notice and notice methodology were performed as directed by this Court;

C.      Whether the Court should enter the Final Approval Order, and

2

D. Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

3. **Settlement Administrator:** The Court approves and orders that Analytics Consulting, LLC, shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

A. The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

B. The Settlement Administrator shall use the data provided by Defendants and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

C. The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

4. **Class Certification:** The Court finds that the proposed Settlement Class satisfies the prerequisites for class certification under Rule 23, including:

A. The proposed Settlement Class numbers in the thousands and is so numerous that joinder of all members is impracticable;

B. There are questions of law and fact common to Plaintiff and members of the Settlement Class;

3

C.      The claims of the Plaintiff are based on the same legal theories and are typical of the claims of the members of the Settlement Class;

D.      Plaintiff is represented by counsel experienced in complex litigation, has no interests in conflict with the interests of members of the proposed Settlement Class, has displayed his commitment to representing the interests of members of the Settlement Class during the course of litigation to date, and will fairly and adequately protect the interests of the Settlement Class; and

E.      The Settlement Class should be certified under Rule 23(b)(1). The claims pursued by Plaintiffs in this litigation, and released in the Settlement Agreement, involve actions that took place on a plan-wide basis. In addition, because of Defendants' fiduciary responsibilities, there is a risk of incompatible standards of conduct for Defendants if individual participants pursue their own claims against Defendants.

Accordingly, based on the foregoing findings, the following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants, beneficiaries, and alternate payees of the Costco 401(k) Retirement Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan): (1) who have a Plan account as of the date the Settlement Class is certified by the Court ("Current Participants") or (2) who do not have a Plan account as of the date the Settlement Class is certified by the Court, and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance to be calculated as of the last business day of a month) ("Former Participants).

The Settlement Class shall be a mandatory, non-opt-out class. The Court appoints Dustin S. Soulek as representative for the Settlement Class.  Further, the Court appoints Walcheske &

Luzi, LLC as counsel for the Settlement Class.

5.     **Class Notice**:  The Settling Parties have presented to the Court the Settlement Notices, which are the proposed forms of notice regarding the Settlement for mailing to Class Members.

A.     The Court approves the text of the Settlement Notices and finds that the proposed forms and content therein fairly and adequately:

i.     Summarize the claims asserted;

ii.     Describe the terms and effect of the Settlement;

iii.     Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

iv.     Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

v.     Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation.

B.     Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices constitutes sufficient notice under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States, and any other applicable law.

5

C.     The Settlement Administrator or Costco Wholesale Corporation or its agent shall send by first class mail and/or electronic-mail the appropriate Settlement Notice to each Class Member within forty-five (45) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by the Plans' recordkeeper.  If mailed using regular mail, the Settlement Notice shall be mailed by first-class mail, postage prepaid,. Alternatively, the Notice may be  e-mailed to the last known contact information of each Class Member provided by the Plans' recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeeper (or its designee).  With respect to Former Participants, the Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.   For Class Members who are Current Participants, distribution of the Settlement Notice may be made in combination with routine, scheduled communications by the Plan.

D.     Defendants shall cooperate with the Settlement Administrator by providing, in electronic format, the names, addresses, and social security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

E.     The Court approves the form of the Claim Form attached as Exhibit 6 to the Settlement Agreement. The Claim Forms of Former Participants (or Current Participants who cease to have a Plan account as of the Settlement Effective Date) must be received by the Settlement Administrator with a postmark date no later than the date indicated on the claim form.

6

F.     On or before the date that Settlement Notices are sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement.  The Settlement Administrator shall post a copy of the Settlement Notices on the Settlement Website.

**6.     Objections to Settlement**:     Any timely objections to any aspect of the Settlement, or any term of the Settlement Agreement, shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing.  To be timely, the objection and any supporting documents must: (A) be filed with the Court and served on both Class Counsel and Defendants' Counsel at least thirty (30) calendar days prior to the scheduled Fairness Hearing, and (B) must set forth the specific objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.

Any objection filed by an attorney on behalf of a Class Member must be e-filed with the Court, consistent with the Court's local rules. Class Members who are filing objections without an attorney may e-file those objections, or may file them in hard copy with the Clerk of Court at the following address:

Clerk of Court
United States District Court for the Eastern District of Wisconsin, Green Bay Division
Jefferson Court Building
125 S Jefferson St - Room 102
Green Bay, WI 54301-4541

The addresses for service of such objections on counsel for the parties to this matter are as follows:

James A. Walcheske
Scott S. Luzi
Paul M. Secunda
WALCHESKE & LUZI, LLC
235 N. Executive Rd., Suite 240
Brookfield, Wisconsin 53005
*Attorneys for Plaintiff*

Ian H. Morrison
Ada W. Dolph
Thomas M. Horan
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606

*Attorneys for the Defendants*

Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

7.     **Responses to Objections and Final Approval Motion**:  Any Settling Party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

8.     **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 6 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the

8

objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and

file it with the Court by no later than ten (10) days before the date of the Fairness Hearing. Any

objector (or objector's attorney) who does not timely file and serve a notice of intention to

appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

9. **Continuance of Hearing:** The Court may adjourn, modify, or continue the

Fairness Hearing without further direct notice to the Class Members, other than by notice via the

Court's docket or the Settlement Website.

10. **Termination of Settlement:** This Order shall become null and void, and shall be

without prejudice to the rights of the Settling Parties, all of whom shall be restored to their

respective positions existing the day before the Settlement Agreement Execution Date, if the

Settlement is terminated in accordance with the Settlement Agreement.

11. **Use of Order:** This Order shall not be construed or used as an admission,

concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability

or a waiver of any claims or defenses, including but not limited to those as to the propriety of any

amended pleadings or the propriety and scope of class certification. This Order shall not be

construed or used as an admission, concession, or declaration by or against any named Plaintiff,

Class Representatives, or the Settlement Class that their claims lack merit, or that the relief

requested in the Class Action is inappropriate, improper, or unavailable. This Order shall not be

construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it

may have.

12. **Parallel Proceedings:** Pending final determination of whether the Settlement

Agreement should be approved, every Class Member is prohibited and enjoined from directly,

through representatives, or in any other capacity, commencing any action or proceeding in any

9

court or tribunal asserting any of the Released Claims against the Defendants, the Released

Parties, or the Plan.


**IT IS SO ORDERED.**


Dated: _____          _____
                                        Hon. William C. Griesbach
                                        United States District Judge

# EXHIBIT 2

# If you are or were a participant in the Costco 401(k) Retirement Plan at any time from May 30, 2014 to the present, you may be a part of a class action settlement.

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A
CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO OBJECT TO THE
SETTLEMENT

*A Federal Court authorized this notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Costco Wholesale Corporation, the Costco Wholesale Corporation Board of Directors, and the Costco Benefits Committee (collectively, "Defendants" or "Costco"). The class action lawsuit asserts claims under the Employee Retirement Income Security Act of 1974 ("ERISA") concerning the management, operation and administration of the Costco 401(k) Retirement Plan (the "Plan"). Costco denies all claims made in the lawsuit, and the Court has not determined whether the claims are valid.

- You are included as a Class Member if you were a participant, beneficiary, or an alternate payee of the Plan who (1) had a Plan account as of [DATE], or (2) did not have a Plan account as of [DATE], and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that the Plan account attained a balance in excess of $1,000 for at least 12 months beginning on and after May 30, 2014 (such balance and months to be calculated as of the last business day of a month).

- The proposed Settlement provides the following:

  o **Current Participants**: Costco has agreed to provide, at no cost to participants, an administrative fee reduction for Current Participants with a value of $3,200,000. Costco will ensure that the Plan Administrative Service Per Capita Recordkeeping Fee deducted from Plan accounts does not exceed $3.25 per Plan account per quarter for as many quarters as it takes for the reduction to equal $3,200,000 in the aggregate. (The current fee, as of the first calendar quarter of 2022, is $4.25 per participant per quarter.)

  o **Former Participants and eligible Current Participants (Current Participants who cease to have a Plan account by the Settlement Effective Date):** Costco has agreed to establish a $400,000 Former Participant Pool against which Former Participants will be entitled to make a claim for payment. The amount of each eligible Class Member's payment will be based on the number of quarters his or her Plan account balances exceeded $1,000 during the Class Period and will be determined according to a Plan of Allocation in the Settlement Agreement. Payments to former Plan participants who submit a claim will be made directly to former Plan participants by check.

  o **Attorney's Fees and Expenses**: Class Counsel will petition the Court for an award of attorneys' fees in an amount not to exceed $1.5 million and expenses not to exceed $40,000.00. Any expenses awarded will be deducted from the Former Participant Pool before any distributions to eligible Class Members.

- Further information regarding the litigation, the Settlement, and this Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at WEBSITE.

Case 1:20-cv-00937-WCG Filed 03/14/22 Page 44 of 72 Document 50-1
QUESTIONS? CALL 1-800-000-0000 TOLL FREE; OR VISIT WWW.[WEBSITE].NET

**Please read this notice carefully**. Your legal rights are affected whether you act, or don't act.

●

| According to the Plan's records, you are a Current Participant. If you believe instead that you meet the definition of a Former Participant, please contact the Settlement Administrator. |
| --- |

| THIS TABLE CONTAINS A SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. SO LONG AS YOU HAVE A PLAN ACCOUNT WITH A BALANCE GREATER THAN $0 ON THE SETTLEMENT EFFECTIVE DATE, YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT** | <u>Our records indicate that you are a Current Participant because you had an account balance in the Plan as of [DATE]</u><br><br>**Former Participant.** If, however, you are a Former Participant who participated in the Plan during the Class Period and did not have a balance greater than $0 as of [DATE], or if you are a Current Participant but cease to have a Plan account with a balance greater than $0 as of the Settlement Effective Date, or if you are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form that is postmarked by [DATE] to be eligible to receive a check for your share of the Former Participant Pool If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked by [DATE], you will forfeit your share of the Former Participant Pool even though you will be bound by the Settlement, including the release.<br><br>We have not included a claim form in your notice because Current Participants do not need to submit a claim form, and our records indicate that you are a Current Participant. However, if you believe you are a Former Participant, a claim form may be obtained by accessing [WEBSITE]. |
| **YOU CAN OBJECT BY [DATE]** | You may write to the Court and counsel if you don't like the Settlement to explain why you object. If the Court approves the Settlement, you are eligible for Settlement benefits to which you are entitled, regardless of whether you objected to the Settlement. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may ask to speak in Court about the fairness of the Settlement if you notify the Court and counsel of your intent to appear at the hearing. If the Court approves the Settlement, you will get a share of the Settlement benefits to which you are entitled, regardless of whether you spoke in Court about the fairness of the Settlement. |
| **IF YOU DO NOTHING** | If the Court approves the Settlement, you are eligible for the Settlement benefits to which you are entitled. |

BASIC INFORMATION

| 1. What is this notice and why should I read it? |
| --- |

A court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Soulek v. Costco Wholesale Corporation, et al.,* Case No. 1:20-cv-00937 (E.D. Wis.) (the "Action"), brought on behalf of the Class Members, and pending in the United States District Court for the Eastern District of Wisconsin. This notice describes the Settlement. Please read this notice carefully. Your rights and options—

**and the deadlines to exercise them**—are explained in this notice. Please understand that if you are a Class Member, your legal rights are affected regardless of whether you act.

| 2. What is a class action lawsuit? |
|---|

A class action is a lawsuit in which one or more plaintiffs sue on behalf of a group of people who allegedly have similar claims. After the Parties reached an agreement to settle this Action, the Court granted preliminary approval of the Settlement. Among other things, this preliminary approval permits Class Members to voice their support of or opposition to the Settlement before the Court makes a final determination as whether to approve the Settlement. In a class action, the court resolves the issues for all Class Members.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3. What is this lawsuit about? |
|---|

Plaintiff filed a class action complaint against Costco on behalf of a class of Plan participants, alleging that Costco caused the Plan to incur higher administrative fees and investment management fees than reasonable and necessary. A complete description of Plaintiff's allegations is in the Amended Complaint, which is available on the Settlement Website at [WEBSITE].

Costco denies Plaintiff's claims and allegations in their entirety, denies that it is liable at all to the Plaintiff or the Class Members, and denies that the Plaintiff, Class Members, or the Plan have suffered any harm or damage for which Costco could or should be held responsible. Costco believest its conduct was lawful. Costco is settling the Action solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

| 4. Why is there a Settlement? |
|---|

The Court has not decided in favor of either side in this Action. Instead, both sides agreed to a settlement. That way, both sides avoid the cost and risk of litigation or trial, and the affected current and former Plan participants will get substantial benefits that they would not have received if Plaintiff had litigated the case and lost. The Plaintiff and his attorneys believe the Settlement is in the best interests of the Class Members and the Plan.

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am a Class Member and included in the Settlement? |
|---|

The Court decided that everyone who fits this description is a **Class Member**:

> All participants, beneficiaries, and alternate payees of the Costco 401(k) Retirement Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan): (1) who have a Plan account as of the date the Settlement Class is certified by the Court or (2) who do not have a Plan account as of the date the Settlement Class is certified by the Court, and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance and months to be calculated as of the last business day of a month).

The "**Class Period**" is defined as May 30, 2014 through [], the date the Settlement Class is certified by the Court.

## THE SETTLEMENT BENEFITS

| 6. What does the Settlement provide? |
|---|

The proposed Settlement provides the following:

o **Current Participants**: Costco has agreed to provide an administrative fee reduction allocated among Current Participants with a maximum value of $3,200,000. Costco will ensure that the Plan Administrative Service Per Capita Recordkeeping Fee deducted from Plan accounts does not exceed $3.25 per Plan account per quarter for as many quarters as it takes for the reduction to equal $3,200,000 in the aggregate.

o **Former Participants and eligible Current Participants (Current Participants who cease to have a Plan account by the Settlement Effective Date),** Costco has agreed to establish a $400,000 Former Participant Pool against which Former Participants will be entitled to make a claim for payment. The amount of each Formers Class Member's payment will be based on the number of quarters his or her Plan account balances exceeded $1,000 during the Class Period and will be determined according to a Plan of Allocation in the Settlement Agreement. Payments to former Plan participants who submit a claim will be made directly to former Plan participants by check.

To be eligible for a distribution from Former Participant Pool, you must either be a (1) an eligible "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline).

No amount shall be distributed to a Former Participant or eligible Current Participant that is five dollars ($5.00) or less, because such an amount would cost more in processing than its value.

HOW TO GET BENEFITS

| 7. How do I get benefits? |
| --- |

Whether you need to submit a Claim Form to receive monetary benefits from this Settlement depends on whether you are considered a "Current Participant" or a "Former Participant."

**According to the Plan's records, you are a Current Participant. Therefore, you do not need to do anything to receive your monetary benefit from the Settlement. However, if you cease to have a Plan account with a balance greater than $0 by the Settlement Effective Date, you may be eligible to submit a Claim Form for payment from the Former Participant Pool.** Contact the Settlement Administrator or visit [website] if you believe this may apply to you.

| 8. When will I get my payment? |
| --- |

If you are a Current Participant and maintain a Plan account with a balance greater than $0 as of the Settlement Effective Date, then you will receive your share of the Settlement in the form of reduced Plan Administrative Service fees once the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for [ ]. If you cease to have Plan account with a balance greater than $0 by the Settlement Effective Date, you may be eligible to submit a Claim Form for payment from the Former Participant Pool.

THE LAWYERS REPRESENTING YOU

| 9. Who represents the Class Members? |
| --- |

The Court has appointed lawyers from the law firm of Walcheske & Luzi, LLC as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Plaintiff, Dustin S. Soulek, to serve as the Class Representative. He is also a Class Member.

Subject to approval by the Court, Class Counsel has proposed that up to $10,000 may be paid to the Class Representative in recognition of the time and effort expended on behalf of the Class Members. The Court will determine the proper amount of any such award.  The Court may award less than the requested amount.

## 10. How will the lawyers be paid?

From the beginning of the case, which was filed in June 2020, to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and expenses not to $1,500,000.00 and expenses not to exceed $40,000.00. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel.

Any attorneys' fees awarded by the Court will be paid to Class Counsel by Costco Wholesale Corporation. Any attorneys' expenses awarded by the Court will be paid to Class Counsel from the Former Participant Pool.

### YOUR RIGHTS AND OPTIONS

## 11. What is the effect of final approval of the Settlement?

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Once the appeal period expires or any appeal is resolved, payments under the Settlement will then be processed and distributed, and the release by Class Members will also take effect. All Class Members included in the Settlement will release and forever discharge Defendants and the Released Settling Parties from any and all Released Claims (as defined in the Settlement Agreement). Please refer to Article 9 of the Settlement Agreement for a full description of the claims and persons that will be released upon final approval of the settlement.

No Class Member will be permitted to continue to assert Released Claims in any other litigation against Costco or the other persons and entities covered by the Release. If you object to the terms of the Settlement Agreement, you may notify the Court of your objection. (See Table on page 2 of this Notice, and Question 15 below.) If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached.

If the Settlement is not approved and the case resumes, there is no assurance that Class Members will recover more than is provided for under the Settlement, or anything at all.

## 12. What happens if I do nothing at all?

If you do nothing, you will release any claims you may have against Costco and the Released Settling Parties concerning the conduct Plaintiff alleged in the Complaint, the management and administration of the Plan, and other claims within the scope of the release. (See Question No. 14.) If you are a Current Participant, you do not need to do anything to receive your monetary benefit from the Settlement. However, if you cease to have a Plan account with a balance greater than $0 by the Settlement Effective Date you will not receive a payment as described in Question No. 8 unless you submit a timely Claim Form.

## 13. How do I get out of the Settlement?

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement, but you may notify the Court of your objection to the Settlement. (See Question No. 15.)  The Court has certified the class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class Members to opt out of the Class.

## 14. Can I sue Costco for the same claims later?

No. If the Court approves the Settlement, you will have given up any right to sue Costco for all Released Claims covered by this Settlement.

| **15. How do I object to the Settlement?** |
| --- |

You can object to the Settlement if you don't like any part of it. If you object, you must give the reasons why you think the Court should not approve the Settlement. The Court will consider your views. Your objection to the Settlement must be postmarked no later than [ ] and must be sent to the Court and the attorneys for the Parties at the addresses below:

| Court | Class Counsel | Defendant's Counsel |
| --- | --- | --- |
| Clerk of the Court<br>Jefferson Court Building<br>125 S Jefferson St, Room 102<br>Green Bay, WI 54301. | Paul M. Secunda<br>WALCHESKE & LUZI, LLC<br>235 N. Executive Dr., Suite 240<br>Brookfield, WI 53005 | Ian H. Morrison<br>SEYFARTH SHAW LLP<br>233 S. Wacker Drive Suite 8000<br>Chicago, IL 60606 |

The objection must be in writing and include the case name *Soulek v. Costco Wholesale Corporation, et al.,* Case No. 1:20-cv-00937 (E.D. Wis.), the judge's name Hon. William C. Griesbach, and (a) your name; (b) your address; (c) a statement that you are a Class Member; (d) the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); (e) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection); (f) your signature; and (g) a notice of intention to appear at the Fairness Hearing (if applicable). (If you are represented by counsel, you or your counsel must file your objection through the Court's CM/ECF system.)  The Court will consider all properly filed objections from Class Members. If you wish to appear and be heard at the Fairness Hearing in addition to submitting a written objection to the settlement, you or your attorney must say so in your written objection or file and serve a notice of intent to appear at the Fairness Hearing by [deadline is 30 calendar days before the fairness hearing].

Class Counsel will file with the Court their request for attorneys' fees fourteen days prior to [objection deadline].

**THE COURT'S FAIRNESS HEARING**

| **17. When and where will the Court hold a hearing on the fairness of the Settlement?** |
| --- |

A Fairness Hearing has been set for [date] at [time]. The hearing may be conducted telephonically, by video conference, or in person before Judge William C. Griesbach at the [Address Courtroom]. At the hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to Plaintiff as the Class Representative.  You do not need to attend this hearing. You also do not need to attend to have an objection considered by the Court. (See Question No. 18.)

**Note:**  The date, time, and location of the Fairness Hearing are subject to change by Court Order, but any changes will be posted on the Settlement Website at [ ].

| **18. Do I have to come to the Fairness Hearing?** |
| --- |

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as any written objection you choose to make is filed and mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay another lawyer to attend, but you don't have to do so.

## 19. May I speak at the hearing?

You may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. To do so, you must send a letter or other paper called a "Notice of Intent to Appear" to the Court. Be sure to include your name, address, telephone number, and your signature. Your "Notice of Intent to Appear" must be mailed to the attorneys and the Court at the addresses listed above by [(30) calendar days prior to the scheduled Fairness Hearing].

### GETTING MORE INFORMATION

## 20. Where can I get additional information?

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement and get more information on the Settlement Website at [URL]. You can also get more information by writing to the Settlement Administrator at [ ] or calling toll-free [ ]. The Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the Eastern District of Wisconsin located at Jefferson Court Building, 125 S Jefferson St - Room 102, Green Bay, WI 54301-4541.

If you would like additional information, you can also call [800 number].

### PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, T ROWE PRICE, OR COSTCO WITH QUESTIONS ABOUT THE SETTLEMENT.

# EXHIBIT 3

# If you are or were a participant in the Costco 401(k) Retirement Plan at any time from May 30, 2014 to the present, you may be a part of a class action settlement.

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A
CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO OBJECT TO THE
SETTLEMENT

*A Federal Court authorized this notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Costco Wholesale Corporation, the Costco Wholesale Corporation Board of Directors and the Costco Benefits Committee (collectively, "Defendants" or "Costco"). The class action lawsuit asserts claims under the Employee Retirement Income Security Act of 1974 ("ERISA") concerning the management, operation and administration of the Costco 401(k) Retirement Plan (the "Plan"). Costco denies all claims made in the lawsuit, and the Court has not determined whether the claims are valid.

- You are included as a Class Member if you were a participant, beneficiary, or an alternate payee of the Plan who (1) had a Plan account as of [DATE], or (2) did not have a Plan account as of [DATE], and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that the Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance and months to be calculated as of the last business day of a month).

- The proposed Settlement provides the following:

  - **Current Participants**: Costco has agreed to provide, at no cost to participants, an administrative fee reduction for Current Participants with a value of $3,200,000. Costco will ensure that the Plan Administrative Service Per Capita Recordkeeping Fee deducted from Plan accounts does not exceed $3.25 per Plan account per quarter for as many quarters as it takes for the reduction to equal $3,200,000 in the aggregate. (The current fee, as of the first calendar quarter of 2022, is $4.25 per participant ___ per quarter.)

  - **Former Participants and eligible Current Participants (Current Participants who cease to have a Plan account by the Settlement Effective Date):** Costco has agreed to establish a $400,000 Former Participant Pool against which Former Participants will be entitled to make a claim for payment. The amount of each eligible Class Member's payment will be based on the number of quarters his or her Plan account balances exceeded $1,000 during the Class Period and will be determined according to a Plan of Allocation in the Settlement Agreement. Payments to former Plan participants who submit a claim will be made directly to former Plan participants by check.

  - **Attorney's Fees and Expenses**: Class Counsel will petition the Court for an award of attorneys' fees in an amount not to exceed $1.5 million and expenses not to exceed $40,000.00. Any expenses awarded will be deducted from the Former Participant Pool before any distributions to eligible Class Members.

- Further information regarding the litigation, the Settlement, and this Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at ==WEBSITE==.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.[==WEBSITE==].NET

**Please read this notice carefully**. Your legal rights are affected whether you act, or don't act.

---

According to the Plan's records, you are a Former Participant. If you believe instead that you meet the definition of a Current Participant, please contact the Settlement Administrator. Former Participants are individuals who no longer had an account balance greater than $0 as of [DATE].

---

| THIS TABLE CONTAINS A SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A FORMER PARTICIPANT. YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY [DATE] TO BE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT** | **The Plan's records indicate that you are a Former Participant.** You must return a Former Participant Claim Form that is postmarked by [DATE] in order to be eligible to receive a check for your share of the Former Participant Pool. If you are a Former Participant, and you do not return a Former Participant Claim Form that is postmarked by [DATE], you will forfeit your share of the Former Participant Pool. A claim form also can be obtained by accessing [WEBSITE]. |
| **YOU CAN OBJECT BY [DATE]** | You may write to the Court and counsel if you don't like the Settlement to explain why you object. If the Court approves the Settlement, you are eligible for Settlement benefits to which you are entitled, regardless of whether you objected to the Settlement. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may ask to speak in Court about the fairness of the Settlement if you notify the Court and counsel of your intent to appear at the hearing. If the Court approves the Settlement, you will get a share of the Settlement benefits to which you are entitled, regardless of whether you spoke in Court about the fairness of the Settlement. |
| **IF YOU DO NOTHING** | If the Court approves the Settlement, you are eligible for Settlement benefits to which you are entitled. If you do not timely submit a Claim Form, you will be ineligible for any payment. |

BASIC INFORMATION

---

**1. What is this notice and why should I read it?**

---

A court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Soulek v. Costco Wholesale Corporation, et al.,* Case No. 1:20-cv-00937 (E.D. Wis.) (the "Action"), brought on behalf of the Class Members, and pending in the United States District Court for the Eastern District of Wisconsin. This notice describes the Settlement. Please read this notice carefully. Your rights and options— **and the deadlines to exercise them**—are explained in this notice. Please understand that if you are a Class Member, your legal rights are affected regardless of whether you act.

---

**2. What is a class action lawsuit?**

---

A class action is a lawsuit in which one or more plaintiffs sue on behalf of a group of people who allegedly have similar claims. After the Parties reached an agreement to settle this Action, the Court granted preliminary approval of the Settlement. Among other things, this preliminary approval permits Class Members to voice their support of or opposition to the Settlement before the Court makes a final determination as whether to approve the Settlement. In a class action, the court resolves the issues for all Class Members.

THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

**3. What is this lawsuit about?**

Plaintiff filed a class action complaint against Costco on behalf of a class of Plan participants, alleging that Costco caused the Plan to incur higher administrative fees and investment management fees than reasonable and necessary. A complete description of Plaintiff's allegations is in the Amended Complaint, which is available on the Settlement Website at [ ].

Costco denies Plaintiff's claims and allegations in their entirety, denies that it is liable at all to the Plaintiff or the Class Members, and denies that the Plaintiff, Class Members or the Plan have suffered any harm or damage for which Costco could or should be held responsible, as Costco believes that its conduct was lawful. Costco is settling the Action solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

**4. Why is there a Settlement?**

The Court has not decided in favor of either side in this Action. Instead, both sides agreed to a settlement. That way, both sides avoid the cost and risk of litigation or trial, and the affected current and former Plan participants will get substantial benefits that they would not have received if Plaintiff had litigated the case and lost. The Plaintiff and his attorneys believe the Settlement is in the best interests of the Class Members and the Plan.

## WHO'S INCLUDED IN THE SETTLEMENT?

**5. How do I know if I am a Class Member and included in the Settlement?**

The Court decided that everyone who fits this description is a **Class Member**:

> All participants, beneficiaries, and alternate payees of the Costco 401(k) Retirement Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan): (1) who have a Plan account as of the date the Settlement Class is certified by the Court or (2) who do not have a Plan account as of the date the Settlement Class is certified by the Court, and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance and months to be calculated as of the last business day of a month).

The "**Class Period**" is defined as May 30, 2014 through [], the date the Settlement Class is certified by the Court.

## THE SETTLEMENT BENEFITS

**6. What does the Settlement provide?**

The proposed Settlement provides the following:

o   **Current Participants**: Costco has agreed to provide an administrative fee reduction allocated among Current Participants with a maximum value of $3,200,000. Costco will ensure that the Plan Administrative Service Per Capita Recordkeeping Fee deducted from Plan accounts does not exceed $3.25 per Plan account per quarter for as many quarters as it takes for the reduction to equal $3,200,000 in the aggregate.

o   **Former Participants and eligible Current Participants (Current Participants who cease to have a Plan account by the Settlement Effective Date),** Costco has agreed to establish a $400,000 Former Participant Pool against which Former Participants will be entitled to make a claim for payment. The amount of each Formers Class Member's payment will be based on the number of quarters his or her Plan account balances exceeded $1,000 during the Class Period and will be

determined according to a Plan of Allocation in the Settlement Agreement. Payments to former Plan participants who submit a claim will be made directly to former Plan participants by check.

To be eligible for a distribution from Former Participant Pool, you must either be a (1) an eligible "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline).

No amount shall be distributed to a Former Participant or eligible Current Participant that is five dollars ($5.00) or less, because such an amount would cost more in processing than its value.

### HOW TO GET BENEFITS

| **7. How do I get benefits?** |
|---|

Whether you need to submit a Claim Form to receive monetary benefits from this Settlement depends on whether you are considered a "Current Participant" or a "Former Participant."

**According to the Plan's records, you are a Former Participant. Therefore, on or before [date], you need to return your Claim Form or submit your claim online to receive your share of the Settlement.**

| **8. When will I get my payment?** |
|---|

If you are a Former Participant, you need to submit a Claim Form on or before [date] to receive your share of the Settlement. Payments from the Former Participant Pool will be calculated and distributed via check after the Settlement Effective Date. Therefore, if you submit a timely Claim Form and are determined to be eligible for payment from the Former Participant Pool, you will receive your share of the Settlement in the form of a check once the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for [ ].

### THE LAWYERS REPRESENTING YOU

| **9. Who represents the Class Members?** |
|---|

The Court has appointed lawyers from the law firm of Walcheske & Luzi, LLC as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Plaintiff, Dustin S. Soulek, to serve as the Class Representative. He is also a Class Member.

Subject to approval by the Court, Class Counsel has proposed that up to $10,000 may be paid to the Class Representative in recognition of the time and effort expended on behalf of the Class Members. The Court will determine the proper amount of any such award. The Court may award less than the requested amount.

| **10. How will the lawyers be paid?** |
|---|

From the beginning of the case, which was filed in June 2020, to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and expenses not to $1,500,000.00 and expenses not to exceed $40,000.00. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel.

Any attorneys' fees awarded by the Court will be paid to Class Counsel by Costco Wholesale Corporation. Any attorneys' expenses awarded by the Court will be paid to Class Counsel from the Former Participant Pool.

### 11. What is the effect of final approval of the Settlement?

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Once the appeal period expires or any appeal is resolved, payments under the Settlement will then be processed and distributed, and the release by Class Members will also take effect. All Class Members included in the Settlement will release and forever discharge Costco and the Released Settling Parties from any and all Released Claims (as defined in the Settlement Agreement). Please refer to Article 9 of the Settlement Agreement for a full description of the claims and persons that will be released upon final approval of the settlement.

No Class Member will be permitted to continue to assert Released Claims in any other litigation against Costco or the other persons and entities covered by the Release. If you object to the terms of the Settlement Agreement, you may notify the Court of your objection. (See Table on page 2 of this Notice, and Question 15 below.) If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached.

If the Settlement is not approved and the case resumes, there is no assurance that Class Members will recover more than is provided for under the Settlement, or anything at all.

### 12. What happens if I do nothing at all?

If you do nothing, you will release any claims you may have against Costco and the Released Settling Parties concerning the conduct Plaintiff alleged in the Complaint, the management and administration of the Plan, and other claims within the scope of the release. (See Question No. 14.) If you are a Former Participant or an eligible Current Participant, you will not receive a payment as described in Question No. 8 unless you submit a timely Claim Form.

### 13. How do I get out of the Settlement?

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement, but you may notify the Court of your objection to the Settlement. (See Question No. 15.) The Court has certified the class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class Members to opt out of the Class.

### 14. Can I sue Costco for the same claims later?

No. If the Court approves the Settlement, you will have given up any right to sue Costco for all Released Claims covered by this Settlement.

### 15. How do I object to the Settlement?

You can object to the Settlement if you don't like any part of it. If you object, you must give the reasons why you think the Court should not approve the Settlement. The Court will consider your views. Your objection to the Settlement must be postmarked no later than [ ] and must be sent to the Court and the attorneys for the Parties at the addresses below:

| Court | Class Counsel | Defendant's Counsel |
| --- | --- | --- |
| Clerk of the Court | Paul M. Secunda | Ian H. Morrison |
| Jefferson Court Building | WALCHESKE & LUZI, LLC | SEYFARTH SHAW LLP |
| 125 S Jefferson St, Room 102 | 235 N. Executive Dr., Suite 240 | 233 S. Wacker Drive Suite 8000 |
| Green Bay, WI 54301. | Brookfield, WI 53005 | Chicago, IL 60606 |

The objection must be in writing and include the case name *Soulek v. Costco Wholesale Corporation, et al.,* Case No. 1:20-cv-00937 (E.D. Wis.), the judge's name Hon. William C. Griesbach, and (a) your name; (b) your address; (c) a statement that you are a Class Member; (d) the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); (e) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection); (f) your signature; and (g) a notice of intention to appear at the Fairness Hearing (if applicable). (If you are represented by counsel, you or your counsel must file your objection through the Court's CM/ECF system.)  The Court will consider all properly filed objections from Class Members. If you wish to appear and be heard at the Fairness Hearing in addition to submitting a written objection to the settlement, you or your attorney must say so in your written objection or file and serve a notice of intent to appear at the Fairness Hearing by [deadline is 30 calendar days before the fairness hearing].

Class Counsel will file with the Court their request for attorneys' fees fourteen days prior to [objection deadline].

### THE COURT'S FAIRNESS HEARING

**17. When and where will the Court hold a hearing on the fairness of the Settlement?**

A Fairness Hearing has been set for [date] at [time]. The hearing may be conducted telephonically, by video conference, or in person before Judge William C. Griesbach at the [Address Courtroom]. At the hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to Plaintiff as the Class Representative.  You do not need to attend this hearing. You also do not need to attend to have an objection considered by the Court. (See Question No. 18.)

**Note:**  The date, time, and location of the Fairness Hearing are subject to change by Court Order, but any changes will be posted on the Settlement Website at [ ].

**18. Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as any written objection you choose to make is filed and mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay another lawyer to attend, but you don't have to do so.

**19. May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. To do so, you must send a letter or other paper called a "Notice of Intent to Appear" to the Court. Be sure to include your name, address, telephone number, and your signature. Your "Notice of Intent to Appear" must be mailed to the attorneys and the Court at the addresses listed above by [(30) calendar days prior to the scheduled Fairness Hearing].

### GETTING MORE INFORMATION

**20. Where can I get additional information?**

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement and get more information on the Settlement Website at [URL]. You can also get more information by writing to the

Settlement Administrator at [ ] or calling toll-free [ ]. The Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the Eastern District of Wisconsin located at Jefferson Court Building, 125 S Jefferson St - Room 102, Green Bay, WI 54301-4541.

If you would like additional information, you can also call [800 number].

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, T. Rowe Price, OR COSTCO WITH QUESTIONS ABOUT THE SETTLEMENT.**

# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

DUSTIN S. SOULEK, individually,
and as representative of a Class of
Participants and Beneficiaries, of
the Costco 401(k) Retirement Plan;

        Plaintiff,                  Case No. 20-cv-937

    v.

COSTCO WHOLESALE CORPORATION, *et al.*

        Defendants

---

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

---

Wherefore, this ___ day of _____, 20___, upon consideration of Plaintiffs' Motion for

Final Approval of the Class Action Settlement Agreement dated ___, 2022 in the above matter,

the Court hereby orders and adjudges as follows:

1.      For purposes of this Final Approval Order and Judgment, except as otherwise

defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to

them in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this action and personal

jurisdiction over all parties to the action, including all members of the Settlement Class.

3.      Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms

the Settlement and the terms therein as being fair, reasonable, and adequate to the Plans and the

Class Members.

4.     The Motion for final approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Class, and the Settling Parties are hereby directed to take all necessary steps to effectuate the terms of the Settlement Agreement.

5.     In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics Consulting LLC, the Settlement Notices were timely distributed to all Class Members who could be identified with reasonable effort, and notice was published on the website maintained by the Settlement Administrator.  The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members.  In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

6.     The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

7.     The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.     The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

2

B.     The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

C.     The Settling Parties were well positioned to evaluate the value of the Class Action;

D.     If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

E.     The total value of the Settlement ($5,100,000.00) is fair, reasonable, and adequate, and is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

F.     The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

G.     Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

H.     There were _____ objections to the settlement. The Court has considered those objections, and they do not affect the Court's determination that the Settlement is fair, reasonable, and adequate.  Accordingly, the Court overrules them with prejudice.

I.     The Settlement was reviewed by an independent fiduciary, _____, who has approved the Settlement.

8.     The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plans and the Settlement Class.

3

9.      This Action and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

10.     The Plan, Class Representative, and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), hereby fully, finally, and forever settle, release, relinquish, waive and discharge Defendants and all Released Parties from the Released Claims even if, *e.g.*, any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members actually received the Settlement Notices, whether or not such Class Members have executed and delivered a Claim Form, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

11.     The Plan, the Class Representative, and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) individually, together, on behalf of the Plan, or in any combination thereof or with others shall be: (1) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (2) barred and enjoined from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an Internal

4

Revenue Service determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim against Defendants and/or any Released Parties on the basis of, connected with, or arising out of any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

12. The Class Representative, Class Members and the Plan hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Representatives, Class Members and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. The Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plans from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

5

14.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Approval Order and/or the Settlement Agreement.

15.     The Court finds that all applicable CAFA requirements have been satisfied.

16.     The Settlement Administrator shall have final authority to determine the share of the Former Participant Pool to be allocated to each eligible Former Participant (or eligible Current Participant) pursuant to the Plan of Allocation approved by the Court.

17.     With respect to payments or distributions from the Former Participant Pool, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18.     Within twenty-eight (28) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a Settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution.

19.     Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plans shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: _____     _____
                                     Hon. William C. Griesbach
                                     United States District Judge

6

# EXHIBIT 5

 **Seyfarth**

Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
T (312) 460-5000
F (312) 460-7000

imorrison@seyfarth.com
T (312) 460-5830

www.seyfarth.com

March 21, 2022

**VIA FEDEX**

{ADDRESS}

Re:     Notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*
        *Dustin S. Soulek, individually, and as representative of a Class of of Participants and*
        *Beneficiaries, on behalf of the Costco 401(k) Retirement Plan v. Costco Wholesale*
        *Corporation, the Board of Directors of Costco Wholesale Corporation, and the Costco*
        *Benefits Committee), Case No. 1:20-cv-00937-WCG,* U.S. District Court for the Eastern
        District of Wisconsin

Dear Sir or Madam:

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), I am writing, on behalf of Defendants in the above-referenced matter, to provide your office with notice of the parties' proposed settlement. Please take notice of the following information.

With Defendants' consent, Plaintiffs in the above-captioned matter filed a motion with the United States District Court for the Eastern District of Wisconsin on March 11, 2022, requesting preliminary approval of the parties' proposed settlement. As part of this notice, please find copies of the following documents associated with this matter on the enclosed CD:

1. The Complaint, and all amended complaints filed in the matter, including the operative Amended Complaint;

2. The motion for preliminary approval of the settlement and all of its supporting documents, which include the proposed notice and claim form to be distributed to class members and the proposed settlement agreement. Class members do not have rights to request exclusion from the class;

3. At this time, it is not feasible to provide a list of the class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement. However, enclosed is a chart showing the approximate percentage of the estimated class members who reside in each state. Because of the nature of the Settlement, and the means of allocating settlement value to current and former participants (including calculations that must be performed to determine allocations to certain class members on a claims-made basis), it is not feasible at this time to provide further detail regarding the claims of class members in each state;



4.  A copy of the Court's docket sheet; and

5.  A copy of the Court's order granting preliminary approval.

There are no contemporaneous agreements between class counsel and counsel for Defendants in conjunction with the proposed settlement, other than the enclosed settlement agreement. At this time, there has been no final judgment or notice of dismissal, and there are no written judicial opinions relating to the matters detailed in this notice, except for the preliminary approval order enclosed. The Court has scheduled the fairness hearing for [date] at [time] in [location].

If you have questions about this notice, the settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact this office.

Very truly yours,

SEYFARTH SHAW LLP

Ian H. Morrison

Enclosure

# EXHIBIT 6

# FORMER PARTICIPANT CLAIM FORM

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants and eligible Current Participants (Current Participants who cease to have a Plan account by the Settlement Effective Date)**, or the beneficiaries, alternate payees, or attorneys-in-fact of such persons (all of whom will be treated as Former Participants). A Former Participant is a participant, Beneficiary, or Alternate Payees of the Costco 401(k) Retirement Plan who does not have a Plan account as of [DATE], and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance and such months to be calculated as of the last business day of a month)..

This form must be completed, signed, and mailed with a postmark date no later than [DATE] to the Settlement Administrator in order for you to be eligible to receive your share of the Former Participant Pool. **Former Participants and eligible Current Participants who do not complete and timely return this form will not receive any Settlement payment**. Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1. Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2. Mail your completed Former Participant Claim Form postmarked no later than DATE to the Settlement Administrator at the following address:

   **The Costco 401(k) Plan Settlement Administrator**
   **PO Box 200X**
   **Chanhassen, MN 55317-200X**

   It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3. Other Reminders:
   - You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as Part 5 to this form.
   - If you change your address after sending in your Former Participant Claim Form, please send your new address to the Settlement Administrator.
   - **Timing Of Payments**. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than the second half of 2022 due to the need to process and verify information for all Settlement Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4. **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at [PHONE]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, Settlement administration, and claim processing is available on the lawsuit website, www. WEBSITE.com. Please do not contact Costco, Costco's attorneys, or T. Rowe Price about this form.

You may be eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement of *Soulek v. Costco Wholesale Corporation, et al.,* Case No. 1:20-cv-00937 (E.D. Wis.). For more information about the Settlement, please see www.WEBSITE.com, or call PHONE.

## PART 2: PARTICIPANT INFORMATION

First Name        Middle   Last Name

Mailing Address

City                   State   Zip Code

Home Phone            Work Phone or Cell Phone

Participant's Social Security Number       Participant's Date of Birth

M M    D D    Y Y Y Y

Email Address

☐ Check here if you were a Former Participant but did not receive this Claim Form in the mail. This may be because you were a participant in the Plan only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (IF APPLICABLE)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant or **eligible Current Participant** and the Former Participant or **eligible Current Participant** is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant or **eligible Current Participant**. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name       Middle   Last Name

Your Social Security Number or Tax ID Number     Your Date of Birth

M M    D D    Y Y Y Y

Your Mailing Address

City                   State   Zip Code

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check will be mailed to your address on the previous page.

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

M M    D D    Y Y Y Y

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**Participant Signature**

**Date Signed** (*Required*)

<u>Note</u>: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: www.WEBSITE.com, OR CALL PHONE**