DUSTIN S. SOULEK, individually,
and as representative of a Class of
Participants and Beneficiaries, of
the Costco 401(k) Retirement Plan,

        Plaintiff,

        v.                                    Case No. 20-C-937

COSTCO WHOLESALE CORPORATION, et al.,

        Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against Defendants Costco Wholesale Corporation ("Costco"), the Board of Directors of Costco Wholesale Corporation ("Board Defendants"), and the Costco Benefits Committee ("Benefits Committee") (collectively, "Defendants") in connection with the management of the Costco 401(k) Retirement Plan ("Costco Plan" or "Plan").

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated March 11, 2022, executed by Class Counsel and Defendants' Counsel. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

    A. The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    B. The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

    C. Class Counsel and the Class Representative have submitted declarations in support of the Settlement; and

    D. Considering the relevant Seventh Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing:** A hearing will be held on Monday, July 18, 2022, at 9:30 a.m., at 125 S. Jefferson Street, Green Bay, WI 54301 in Room 201, before the undersigned United States Judge, to determine, among other issues:

    A. Whether the Court should approve the Settlement as fair, reasonable, and adequate;

    B. Whether the notice and notice methodology were performed as directed by this Court;

    C. Whether the Court should enter the Final Approval Order, and

D. Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

3. **Settlement Administrator:** The Court approves and orders that Analytics Consulting, LLC, shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

A. The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

B. The Settlement Administrator shall use the data provided by Defendants and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

C. The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

4. **Class Certification:** The Court finds that the proposed Settlement Class satisfies the prerequisites for class certification under Rule 23, including:

A. The proposed Settlement Class numbers in the thousands and is so numerous that joinder of all members is impracticable;

B. There are questions of law and fact common to Plaintiff and members of the Settlement Class;

3

C. The claims of the Plaintiff are based on the same legal theories and are typical of the claims of the members of the Settlement Class;

D. Plaintiff is represented by counsel experienced in complex litigation, has no interests in conflict with the interests of members of the proposed Settlement Class, has displayed his commitment to representing the interests of members of the Settlement Class during the course of litigation to date, and will fairly and adequately protect the interests of the Settlement Class; and

E. The Settlement Class should be certified under Rule 23(b)(1). The claims pursued by Plaintiffs in this litigation, and released in the Settlement Agreement, involve actions that took place on a plan-wide basis. In addition, because of Defendants' fiduciary responsibilities, there is a risk of incompatible standards of conduct for Defendants if individual participants pursue their own claims against Defendants.

Accordingly, based on the foregoing findings, the following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants, beneficiaries, and alternate payees of the Costco 401(k) Retirement Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan): (1) who have a Plan account as of the date the Settlement Class is certified by the Court ("Current Participants") or (2) who do not have a Plan account as of the date the Settlement Class is certified by the Court, and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance to be calculated as of the last business day of a month) ("Former Participants).

The Settlement Class shall be a mandatory, non-opt-out class. The Court appoints Dustin S. Soulek as representative for the Settlement Class. Further, the Court appoints Walcheske & Luzi, LLC as counsel for the Settlement Class.

**5.** **Class Notice**: The Settling Parties have presented to the Court the Settlement Notices, which are the proposed forms of notice regarding the Settlement for mailing to Class Members.

    A. The Court approves the text of the Settlement Notices and finds that the proposed forms and content therein fairly and adequately:

        i. Summarize the claims asserted;

        ii. Describe the terms and effect of the Settlement;

        iii. Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

        iv. Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

        v. Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation.

    B. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices constitutes sufficient notice under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members,

and complies fully with the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States, and any other applicable law.

C. The Settlement Administrator or Costco Wholesale Corporation or its agent shall send by first class mail and/or electronic-mail the appropriate Settlement Notice to each Class Member within forty-five (45) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by the Plans' recordkeeper. If mailed using regular mail, the Settlement Notice shall be mailed by first-class mail, postage prepaid. Alternatively, the Notice may be e-mailed to the last known contact information of each Class Member provided by the Plans' recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeeper (or its designee). With respect to Former Participants, the Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time. For Class Members who are Current Participants, distribution of the Settlement Notice may be made in combination with routine, scheduled communications by the Plan.

D. Defendants shall cooperate with the Settlement Administrator by providing, in electronic format, the names, addresses, and social security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

E. The Court approves the form of the Claim Form attached as Exhibit 5 to the Settlement Agreement. The Claim Forms of Former Participants (or Current Participants who

6

Case 1:20-cv-00937-WCG   Filed 03/17/22   Page 6 of 10   Document 52

cease to have a Plan account as of the Settlement Effective Date) must be received by the Settlement Administrator with a postmark date no later than the date indicated on the claim form.

       F.     On or before the date that Settlement Notices are sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement. The Settlement Administrator shall post a copy of the Settlement Notices on the Settlement Website.

**6.**    **Objections to Settlement**: Any timely objections to any aspect of the Settlement, or any term of the Settlement Agreement, shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing. To be timely, the objection and any supporting documents must: (A) be filed with the Court and served on both Class Counsel and Defendants' Counsel at least thirty (30) calendar days prior to the scheduled Fairness Hearing, and (B) must set forth the specific objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.

Any objection filed by an attorney on behalf of a Class Member must be e-filed with the Court, consistent with the Court's local rules. Class Members who are filing objections without an attorney may e-file those objections, or may file them in hard copy with the Clerk of Court at the following address:

    Clerk of Court
    United States District Court for the Eastern District of Wisconsin, Green Bay Division
    Jefferson Court Building
    125 S Jefferson St - Room 102
    Green Bay, WI 54301-4541

The addresses for service of such objections on counsel for the parties to this matter are as follows:

James A. Walcheske
Scott S. Luzi
Paul M. Secunda
WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
*Attorneys for Plaintiff*

Ian H. Morrison
Ada W. Dolph
Thomas M. Horan
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
*Attorneys for the Defendants*

Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

7. **Responses to Objections and Final Approval Motion**: Any Settling Party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

8. **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 6 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's

8

Case 1:20-cv-00937-WCG   Filed 03/17/22   Page 8 of 10   Document 52

attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than ten (10) days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

9. **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website.

10. **Termination of Settlement:** This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

11. **Use of Order:** This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named Plaintiff, Class Representatives, or the Settlement Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have.

12. **Parallel Proceedings:** Pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any

9

court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan.

Dated at Green Bay, Wisconsin this 17th day of March, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge