UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DUSTIN S. SOULEK, individually, and
as representative of a Class of Participants
and Beneficiaries, on Behalf of the Costco
401(k) Retirement Plan;

      Plaintiff,                                Case No. 1:20-cv-937-WCG

v.

COSTCO WHOLESALE CORPORATION, *et al.*

      Defendants.

## DECLARATION OF PAUL M. SECUNDA IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD

I, Paul M. Secunda, declare and state as follows:

1.    I am a partner at Walcheske & Luzi, LLC ("Walcheske Luzi"), and am one of the attorneys of record for Plaintiff in the above captioned action. In its Preliminary Approval Order (*Dkt. 52*), the Court appointed Walcheske Luzi LLC to serve as Class Counsel on behalf of the Settlement Class. I respectfully submit this declaration in support of the accompanying Motion for Attorneys' Fees, Costs, and Class Representative Compensatory Awards.

### Professional Overview

2.    I am a currently a Partner at the law of firm of Walcheske & Luzi, LLC in Brookfield, Wisconsin, where I concentrate my practice on labor and employment law, with an emphasis on all aspects of employee benefits (ERISA) litigation. As part

1

of this employment, I litigate cases involving employer-sponsored retirement benefit plans and welfare benefit plans under ERISA. I am licensed to practice law in the State of Wisconsin, and also have been admitted to practice in several federal district courts and appellate courts across the country. A list of jurisdictions in which I have been admitted is set forth below:

| |
|---|
| Supreme Court of the United States |
| 3rd Circuit Court of Appeals |
| 7th Circuit Court of Appeals |
| U.S.D.C. for Western District of Michigan |
| U.S.D.C. for the Eastern District of Wisconsin |
| U.S.D.C. for the Western District of Wisconsin |
| U.S.D.C. for the Northern District of Illinois |
| U.S.D.C. for the Eastern District of Pennsylvania |
| U.S.D.C. for the District of New Jersey |
| U.S.D.C. for the Middle District of Pennsylvania |
| Wisconsin Supreme Court |
| New Jersey Supreme Court |
| Pennsylvania Supreme Court |

I am in good standing in every jurisdiction in which I have been admitted to practice.

3. I have been actively engaged in the practice of law since 1998 and have substantial class action experience and other complex litigation experience. I was a full professor of law over an eighteen-year academic career at two separate law schools, focusing on workplace and employee benefits law under ERISA. Since joining Walcheske Luzi in May 2020, my practice has focused primarily on ERISA class action cases.

4. As the head of our firm's ERISA Team, I have led ERISA class action litigation against several major companies and organizations, including Clean Harbors, Packing Corporation of America, Munson Healthcare, Mathews

2

International, Kroger, Kimberly-Clark, Plexus Corporation, Faith Technologies, Quad/Graphics, General Dynamics, Kerry Foods, Oshkosh Corporation, Komatsu Mining, the National Football League Players Association (NFLPA), RR Donnelley & Sons, and WEC Energy.

5. In addition to the present case, the firm's lawyers (including myself) have brought litigation in over twenty-five other cases involving retirement plans, including:

- Kruzell v. Clean Harbors Environmental Services, Inc., 1:22-cv-10524-GAO (D. Mass.)
- Miller v. Packing Corp. of America, Case No. 1:22-cv-00271-HYJ-RSK (W.D. Mich.)
- Peck v. Munson Healthcare, Case No. 1:22-cv-00294-PLM-PJG (W.D. Mich.)
- Munt v. WEC Energy Group, Inc., Case No. 2:22-cv-00555-JPS (E.D. Wis.)
- Gruber v. Grifols Shared Service North America, Case No. 2:22-cv-02621-DSF-AS (C.D. Cal.)
- Reichert v. Juniper Network, Inc., Case No. 4:21-cv-06213 (N.D. Cal.)
- Traczyk v. Aspirus, Inc., Case No. 2:21-cv-00077-RJJ-MV (W.D. Mich.)
- Case v. Generac, Inc., Case No. 2:21-cv-01100-PP (E.D. Wis.)
- Seidner et al. v. Kimberly Clark Corp, No. 3:21-cv-00867-L (N.D. Tex.)
- Walter v. Kerry Inc., No. 2:21-cv-00539-BHL (E.D. Wis.)
- Bangalore v. Froedtert Health, Inc., No. 2:20-cv-893-PP (E.D. Wis.)
- Shaw v. Quad/Graphics, Inc., No. 2:20-cv-01645-PP (E.D. Wis.)
- Lafreniere v. RR Donnelley Inc., No. 1:20-cv-07158 (N.D. Ill.)
- Woznicki v. Aurora Health Care, Inc., No. 2:20-cv-1246-PP (E.D. Wis.)

- Albert v. Oshkosh Corp., No. 1:20-cv-901-WCG (E.D. Wis.)
- Cotter v. Matthews Int'l Corp., No. 1:20-cv-1054-WCG (E.D. Wis.)
- O'Driscoll v. Plexus Corp., No. 1:20-cv-1065-WCG (E.D. Wis.)
- Nohara v. Prevea Clinic, Inc., No. 2:20-cv-1079-WCG (E.D. Wis.)
- Glick v. ThedaCare, Inc., 1:20-cv-1236-WCG (E.D. Wis.)
- Laabs v. Faith Techs., Inc., No. 1:20-cv-1534-WCG (E.D. Wis.)
- Guyes v. Nestle USA Inc., No. 1:20-cv-1560-WCG (E.D. Wis)
- Hughes v. Mercy Health Corp., No. 3:20-cv-50286 (N.D. Ill.)
- Hanson et al. v. General Dynamics, No. 0:21-cv-00988-PAM-ECW (D. Minn.)
- Curtis v. Komastu U.S. Pension Plan, No. 2:20-cv-01611-BHL (E.D. WI)
- Cason et al. v. National Football League Players Association et al., No. 1:20-cv-01875 (D. DC.)

6. Walcheske & Luzi is viewed as a leader in ERISA 401(k) cases. I have been interviewed by the Financial Times, BenefitsPro, Law360, Bloomberg, Investment News, Pensions & Investments, and several trade publications in connection with my ERISA work. As a law professor, I have published sixteen law review articles, two book chapters, and three books on employee benefit plan-related topics. Overall, I have published over seventy law review articles and shorter pieces on workplace law, benefits law, and related fields.

7. I also have been a lecturer, moderator, and panelist at dozens of conferences, symposia, and conferences throughout the country and the world, presenting on ERISA and employee benefit plan topics sponsored by a myriad of organizations, including: the Association of American Law Schools, American Bar

4

Association, the Southeastern Association of Law Schools, Law and Society Association, New York University Annual Conference on Labor, and the Center for the Interdisciplinary Study of Work and Social Capital at the Washington University School of Law.

8. I have served as testifying expert in the following ERISA and employee benefits law cases around the country: *Byzantine Catholic Eparchy of Phoenix v. Burri Law P.A. et al.*, Case No. 2:20-cv-00779-ROS (D. Ariz.), *Pierson et al. v. Millennium Trust Co.*, Case No. 1340017140 (JAMS) (Ill. 2019), *Physical Therapy, U.S.A. Inc., et al. v. United Healthcare of Arizona, Inc., et al.,* Case No. CV-08-457-PHX-ROS (D. Az.), *Moyle v. Liberty Mutual Retirement Benefit Plan*, 3:10-CV-02179 (S.D. Cal.); *Gillis v. Burns & Levinson*, File No. 337.08466 (Middlesex Superior Ct. Mass.); and *Sayles v. Driskell* (settled) (state court, Kansas City, Mo.)

9. I served as Court Amicus in the following U.S. Supreme Court and Seventh Circuit cases: U.S. Supreme Court *Brief for Law Professors as Amici Curiae in Support of the Petitioners in Tibble v. Edison International*, No. 13-550; U.S. Supreme Court *Brief of Law Professors in Support of the Respondents in Fifth Third Bancorp v. Dudenhoeffer*, No. 12-751; U.S. Supreme Court *Brief of Law Professors in Support of Respondents, Conkright v. Frommert*, No. 08-810; and Seventh Circuit *Brief of Law Professors in Support of Rehearing En Banc, Hecker v. Deere*, Nos. 07-3605 & 08-1224.

10. Prior to this position with Walcheske & Luzi, I was a full Professor of Law, with tenure at the Marquette University Law School in Milwaukee, Wisconsin. I joined the Marquette University Law School faculty in 2008, after having been an

5

Assistant Professor of Law at the University of Mississippi School of Law from 2002 through 2008. I have been a visiting professor of law at several other universities, including Melbourne University Law School (Australia), Justus Liebig Universitat School of Law (Germany), Hong Kong Polytech University (China), the University of Wisconsin-Madison School of Law, Université de Paris at Nanterre Law Faculty (France), Western Ontario School of Law (Canada), and the Osgoode Hall School of Law at York University (Canada.)

11. I received my law degree, magna cum laude, from the Georgetown University Law Center in 1997, and my B.A., cum laude, from Harvard College in 1993. Following law school, I was a federal law clerk for Judge Murray M. Schwartz of the United State District Court for the District of Delaware from 1997-1998. I then practiced law as an associate labor and employment law attorney, focusing on ERISA and workplace litigation, with the Philadelphia law firms of Montgomery, McCracken, Walker & Rhoads, and Morgan, Lewis & Bockius from 1998 to 2002. I am a member of the Bars of Pennsylvania (1998), New Jersey (1998), and Wisconsin (2009), and the United States Supreme Court (2009.)

12. I am an elected Fellow of the American College of Employee Benefit Counsel (ACEBC); a Senior Fulbright Scholar (in employee benefits law); an elected Fellow of the American Bar Foundation (ABF); and an elected member of the American Law Institute (ALI), serving as a member of the Consultative Group on the Restatement of Employment Law.

13. In December 2012, I was appointed by the United States Secretary of Labor, Hilda L. Solis, to the 2013 ERISA Advisory Council. The ERISA Advisory

6

Council is established pursuant to ERISA Section 512. The duties of the council are to advise the Secretary and submit recommendations regarding the Secretary's functions under ERISA. The council consists of 15 members appointed by the Secretary of Labor. I was appointed Chairman of the Council in 2015 by then-Secretary of Labor Thomas Perez. Over my three years on the Council, I helped draft nine expert reports on all aspects of employee benefit law, including a number of issues concerning excessive fees associated with employer-sponsored retirement plans.

### Law Firm Overview

14. Walcheske & Luzi has been engaged in the practice of law for over 10 years and is devoted to representing the interests of employees. The firm has offices in Brookfield and Appleton, Wisconsin, and Chicago, Illinois, and currently employs five attorneys.

15. Walcheske & Luzi has extensive class action and collective action experience. The firm has been appointed lead counsel or co-counsel in hundreds of class and collective actions, and has recovered over $50 million for its clients.

### Work Performed by Class Counsel

16. As a result of our firm's experience litigating ERISA cases and other class action cases, we were able to handle this action and achieve a significant result for the Settlement Class effectively and efficiently.

17. Notwithstanding the efficiencies that we were able to gain based on our experience, Walcheske & Luzi has devoted a significant amount of time to this case. Among other things, we: (1) drafted the initial class action Complaint and the Amended Complaint; (2) met and conferred with Defendants' counsel; (3) reviewed

7

hundreds of pages of Plan documents; (4) fully briefed a motion to dismiss filed by Defendants, including sur-replies, notices of supplemental authority, and oral argument before the Court; (5) drafted a written mediation statement; (6) participated in a full-day mediation with Defendants; (7) engaged in extensive negotiations with Defendants' counsel over the eventual settlement memorandum of understanding and settlement agreement; (8) consulted with the Class Representative throughout the course of the case; (9) participated in drafting the Settlement Agreement and exhibits thereto; (10) prepared Plaintiff's Preliminary Approval Motion papers; (11) reviewed the bid from the Settlement Administrator; (12) reviewed the final draft of the Settlement Notices, and ensured that they were timely mailed; (13) worked with the Settlement Administrator to create a settlement website and telephone support line for Class Members; (14) communicated with Class Members; and (15) prepared the present motion. *Id.* This work is further detailed in the Declaration of Paul Secuda in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (*Dkt. 50.*)

18. The work summarized above required the efforts of numerous attorneys at Walcheske Luzi. Attached hereto as **Exhibit 1** is a true and correct copy of Walcheske Luzi's timekeeper summary in this action. As reflected by this summary, Walcheske Luzi attorneys have expended 365.8 hours pursuing this matter through the date of this Declaration.

19. Walcheske Luzi's reported billing rates for ERISA actions such as this range from $450 for attorneys with 10 or more years of experience and $650 per hour for attorneys with 25 years of experience or more.

20. In setting these rates, our firm is cognizant of the rates approved in other ERISA class action cases (as set forth in our accompanying Memorandum of Law), as well as the rates charged by the defense bar in this field.

21. All of the work of Class Counsel has been undertaken on a contingent basis.[1] To date, Class Counsel have not been compensated for any of this work. Based on our hourly rates and work performed, the total lodestar for our firm amounts to $366,837.50 and the total lodestar for all counsel amounts to $221,130.00. See **Exhibit 1**.

22. In my professional opinion, and based on my personal knowledge of the work that was performed and the requirements of this case and similar cases, the time expended on this action by Class Counsel was reasonable and necessary.

23. After the date of this Declaration, we expect to perform additional work on behalf of the Settlement Class, including: (1) communicating with the Independent Fiduciary as part of its review of the proposed Settlement on behalf of the Plans; (2) drafting Plaintiff's motion for final approval of the Settlement; (3) preparing for and attending the final approval hearing; (4) if final approval is granted, supervising the Settlement Administrator to ensure proper and efficient distribution of payments to the former Class Members; (5) responding to any additional questions from Class Members; and (6) taking any other actions necessary to support the Settlement until the conclusion of the Settlement Period.

---

[1] In connection with the representation, the named Plaintiff agreed to a one-third contingency fee, and to reimbursement of expenses in the event that the action was successfully resolved.

9

## Litigation Costs

24. In connection with the action, Class Counsel advanced all costs of litigation. Because our law firm handled this action on a contingent basis, we have not yet received reimbursement for any of these expenses.

25. As of the date of this Declaration, Walcheske Luzi has incurred $25,405.04 inlitigation-related costs in connection with this matter. These expenses are broken down below:

| Category | Cost |
| --- | --- |
| Expert Consultant Charges | $16,444.75 |
| Mediation Fees | $8461.49 |
| Postage, Shipping, Copies | $98.80 |
| Court Fees | $400.00 |
| TOTAL | $25,405.04 |

26. In the event that the Court would like further detail or documentation concerning our litigation costs, we would be happy to provide it.

27. In my professional opinion and based on my experience prosecuting this action and overseeing similar litigation, these expenses were reasonable and necessarily incurred in connection with the action.

## Settlement Administration Expenses

### *Settlement Administrator*

28. Analytics Consulting LLC ("Analytics") has been selected to serve as the Settlement Administrator in this matter. *See Settlement Agreement (Dkt. 50-1) at ¶*

*2.32; Dkt. 52 at ¶ 3*. Analytics has extensive experience administering class action settlements, including numerous ERISA settlements.[2] Based on the bid submitted by Analytics, it will cost $79,673.00 to administer the settlement in this action for the Former Participants. The Settlement Administrator expenses for Former Participants will be paid directly out of the Former Participant Pool. This covers all work required of the Settlement Administrator under the Settlement Agreement for Former Participants, including (1) reviewing the class member information provided by Defendants; (2) preparing and mailing the Settlement Notices; (3) searching for valid addresses for any Settlement Class Members whose Notices were returned as undeliverable; (4) establishing a telephone support line for Class Members; (5) creating and maintaining the Settlement Website; and (6) managing the project and communicating with the parties regarding the status of settlement administration. In addition, upon final approval of the Settlement, Analytics will facilitate delivery of settlement payments to Former Participant Class Members as provided by the Settlement. Analytics is not responsible for administering the Settlement for Current Participants.

### *Independent Fiduciary*

29. Additional administrative expenses will be incurred relating to the review of the proposed release on behalf of the Plans by the independent fiduciary appointed pursuant to Prohibited Transaction Exemption 2003-39 and Paragraph 3.1 of the Settlement Agreement. Under the Settlement Agreement, Costco Wholesale

---

[2] A copy of Analytics' company profile was previously submitted with Plaintiff's motion for preliminary approval of the Settlement. *See Dkt. 50-3.*

Corporation is responsible for arranging, and paying for, the required review by the Independent Fiduciary. We understand that Costco Wholesale Corporation has engaged Fiduciary Counselors to perform the role of the Independent Fiduciary.

### Assistance of the Class Representatives

30. It has been my honor to represent Mr. Soulek in this matter.

31. Throughout the course of this action, Mr. Soulek has been mindful of his responsibilities as class representative and has actively participated in the action. Among other things, Mr. Soulek (1) reviewed the allegations in the complaint bearing his name; (2) provided information to our firm in connection with the lawsuit; (3) communicated with our firm regarding the litigation and Settlement; (4) attended the full-day mediation; and (5) reviewed the Settlement Agreement in its entirety.

32. Based on the time and assistance that Mr. Soulek has provided as class representative, his initiative in pursing this action, and the risks that he assumed, I believe that the requested class representative compensatory award is reasonable and appropriate. As noted in our motion papers, the amount that Mr. Soulek is seeking ($10,000 per class representative) is consistent with other ERISA cases in this Circuit.

### No Objections

33. The Settlement Notice that was approved by the Court disclosed the terms of the Settlement and also contained an explanation of the attorneys' fees, costs, and class representative compensation, that would be sought in connection with the Settlement. To my knowledge, none of the Class Members have objected to the Settlement terms or the proposed fees, costs, or class representative compensation as

of the date of this Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is trueand correct.

Dated: May 18, 2022                                <u>s/Paul M. Secunda</u>
                                                             Paul M. Secunda

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2022, I caused a copy of the foregoing to be electronicallyfiled with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: May 18, 2022               s/Paul M. Secunda
                                  Paul M. Secunda