# Exhibit 1



Report of the Independent Fiduciary
for the Settlement in
*Soulek v. Costco Wholesale Corporation, et al.*

June 20, 2022

700 12th Street NW   Suite 700   Washington, DC 20005   202-558-5130   www.fiduciarycounselors.com

## TABLE OF CONTENTS

I. Introduction ........................................................................................................................... 1

II. Executive Summary of Conclusions ................................................................................... 1

III. Procedure .............................................................................................................................. 1

IV. Background .......................................................................................................................... 2

V. Settlement ............................................................................................................................. 3

VI. PTE 2003-39 Determination ................................................................................................ 7

## I. Introduction

Fiduciary Counselors has been appointed as an independent fiduciary for the Costco 401(k) Retirement Plan (the "Plan") in connection with the settlement (the "Settlement") reached in *Soulek v. Costco Wholesale Corporation, et al.,* Case No. 20-cv-937, the "Litigation" or "Action"), which was brought in the United States District Court for the Eastern District of Wisconsin (the "Court"). Fiduciary Counselors has reviewed over 100 previous settlements involving ERISA plans.

## II. Executive Summary of Conclusions

After a review of key pleadings, decisions and orders, selected other materials and interviews with counsel for the parties, Fiduciary Counselors has determined that:

- The Court has preliminarily certified the Litigation as a class action for settlement purposes, and in any event, there is a genuine controversy involving the Plan.

- The Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims forgone.

- The terms and conditions of the transaction are no less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances.

- The transaction is not part of an agreement, arrangement, or understanding designed to benefit a party in interest.

- The transaction is not described in Prohibited Transaction Exemption ("PTE") 76-1.

- All terms of the Settlement are specifically described in the written settlement agreement.

- To the extent there is non-cash consideration, it is in the interest of Plan participants and beneficiaries, and the Plan is receiving no assets other than cash in the Settlement.

Based on these determinations about the Settlement, Fiduciary Counselors hereby approves and authorizes the Settlement on behalf of the Plan in accordance with PTE 2003-39.

## III. Procedure

Fiduciary Counselors reviewed key documents, including the Amended Complaint, the Motion to Dismiss, the Settlement Agreement, the mediation statements, the Motion for Preliminary Approval and related papers, the Court's Order Preliminarily Approving Settlement, the Notice, and the Motion for Award of Attorneys' Fees, Costs, and Class Representative Compensation Award and related papers. In order to help assess the strengths and weaknesses of the claims and



defenses in the Litigation, as well as the process leading to the Settlement, the members of the Fiduciary Counselors Litigation Committee conducted separate telephone interviews with counsel for both Defendants and Plaintiff.

## IV. Background

### A. Procedural History of Case

*Litigation.*

Plaintiff Dustin S. Soulek ("Plaintiff") filed this action on June 23, 2020 and filed an Amended Complaint on September 21, 2020. In his Amended Complaint, Plaintiff alleged that during the putative Class Period (June 23, 2014 through the date of judgment), Defendants (Costco Wholesale Corporation ("Costco"), the Costco Wholesale Corporation Board of Directors and the Costco Benefits Committee), as fiduciaries of the Plan, breached the duties they owed to the Plan, to Plaintiff, and to the other Participants of the Plan by, among other things: (1) authorizing the Plan to pay objectively unreasonable fees for recordkeeping and administration; (2) failing to objectively, reasonably, and adequately review the Plan's investment portfolio with due care to ensure that each investment share class was prudent, in terms of cost; and (3) maintaining certain funds in the Plan despite the availability of identical or similar investment share classes with lower costs. On October 16, 2020, Defendants filed a motion to dismiss the Amended Complaint, and between November 6, 2020 and December 4, 2020, Plaintiff subsequently opposed that motion, Defendants replied in further support of their motion, Plaintiff surreplied in further opposition, and Defendants responded in opposition to Plaintiff's surreply. The Court heard oral argument on Defendants' motion on December 21, 2020. Between June 1, 2021 and July 29, 2021, the parties filed notices of supplemental authority. On September 30, 2021, the Court stayed the case in light of the pending decision of the United States Supreme Court in *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022). While this stay was in place, the parties decided to attempt mediation of the matter.

Defendants deny all allegations of wrongdoing and deny all liability for the allegations and claims made in the Class Action. Defendants maintain that they are without fault or liability. Defendants contend that the Plan has been managed, operated and administered at all relevant times in compliance with ERISA and applicable regulations, including the fiduciary responsibility and prohibited transaction provisions of ERISA.

*Settlement and Preliminary Approval.*

The parties engaged in a full-day mediation with a neutral mediator, Robert Meyer, on January 12, 2022. After extensive, arm's-length negotiations, including weeks of negotiations between the parties after the mediation concluded, the parties reached a Memorandum of Understanding as to Settlement of All Claims on February 17, 2022, and then prepared the comprehensive Settlement Agreement.


Plaintiffs filed a motion seeking preliminary approval of the Settlement on March 14, 2022. The Court granted Plaintiff's motion on March 17, 2022. The Court's order: (1) preliminarily certified the class for settlement purposes; (2) approved the form and method of class notice; (3) set July 18, 2022 as the date for a Fairness Hearing; (4) set June 17, 2022 as the deadline for objections; and (5) approved Analytics Consulting, LLC as the Settlement Administrator.

*Objections.*

June 17, 2022 was the deadline for Class Members to file objections to the Settlement. To the best of our knowledge, no Class Members have filed any objections.

## V. Settlement

### A. Settlement Consideration

The Settlement Agreement includes prospective fee reductions for current and future participants that total $3,200,000 over time, $400,000 payment to the Former Participant Pool, and up to $1,500,000 for attorneys' fees. Any attorneys' fees awarded will be paid by Defendants and will not affect the amount in the Former Participant Pool or the required administrative fee reduction.

For the prospective fee reduction, Costco will ensure that the Plan Administrative Service per capita recordkeeping fee deducted from Plan accounts does not exceed $3.25 per Plan account per quarter during the number of calendar quarters following the Effective Date necessary to reach the sum of $3.2 million. The current fee is $4.25 per quarter, so the reduction will be at least $1.00 per quarter per affected participant. In light of the current number of participants, and assuming the reduction is precisely $1 per participant per quarter, the $3.2 million target reduction will be met in a little less than 4.5 years. Costco can use any reasonable means to achieve the required reduction, including, but not limited to, direct negotiation with the recordkeeper, a request for proposal, and/or a company subsidy.

After deducting from the Former Participant Pool (a) any attorneys' expenses; (b) administrative expenses; (c) any class representative service awards; and (d) a contingency reserve, the remainder (known as the "Net Settlement Amount") will be distributed to the Class Members in accordance with the Plan of Allocation in the Settlement and as more fully described below.

### B. Class and Class Period

The Settlement defines the Settlement Class as follows:

> all participants, beneficiaries, and alternate payees of the Costco 401(k) Retirement Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan): (1) who have a Plan account as of the date the Settlement



Class is certified by the Court or (2) who do not have a Plan account as of the date the Settlement Class is certified by the Court, and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months[1] beginning on and after May 30, 2014 (such balance and months to be calculated as of the last business day of a month).

The Class Period is the period from the period from May 30, 2014 through the date the Settlement Class is certified by the Court [March 17, 2022].

The Court has preliminarily certified the Settlement Class, for settlement purposes only.

**C.  The Release**

The Settlement defines Released Claims as follows:

> any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether involving legal equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that have been, could have been, or could be brought by or on behalf of all or any Class Member or the Plan at any point prior to the Court's final approval of the Settlement, and that were asserted in the Lawsuit or that might have been asserted in the Lawsuit under any legal or equitable basis related in any way to the Plan, that relate in any way to the subject matter of the lawsuit or the fees, expenses, investments, investment performance and or management of the Plan, that assert a claim for breach of fiduciary duty against any Plan fiduciary, that relate to the compensation or services of any Plan service provider or Plan fiduciary, or that relate to or arise out of the defense or settlement of the Lawsuit, including any claim that the Settlement Agreement or any aspect of its implementation violates any applicable law or right of any Settlement Class Member, or that would have been barred by the doctrine of res judicata or claim preclusion had the Lawsuit been fully litigated to a final judgment.

The terms of the release, including the provision for the Independent Fiduciary to provide a release of claims by the Plan, are reasonable in light of the allegations of the complaints.

---

[1] The requirement that a Former Participant's account balance must have exceed $1,000 for at least 12 months arises from the fact that during the Class Period, the Company paid the recordkeeping costs for participants with account balances below $1,000. Former Participants whose account balances never exceeded $1,000 incurred no recordkeeping losses, and those who maintained the required balance for less than 12 months would have incurred *de minimis* recordkeeping losses.



D.  **The Plan of Allocation**

Costco has agreed to establish a $400,000 Former Participant Pool against which Former Participants[2] will be entitled to make a claim for payment. Current Participants who cease to have Plan account with a balance greater than $0 by the Settlement Effective Date may be eligible to submit a Claim Form for payment from the Former Participant Pool ("eligible Current Participants"). Other Current Participants are ineligible for a distribution under the Plan of Allocation but are intended to benefit from the prospective fee reduction. The amount of each Formers Class Member's payment will be based on the number of quarters his or her Plan account balances exceeded $1,000 during the Class Period and calculated as follows:

1. First, the Settlement Administrator will subtract from the gross Former Participant Pool (a) all costs and expenses advanced and carried by Class Counsel and awarded by the Court; (b) all costs incurred by the Escrow Agent and the Settlement Administrator in connection with distribution of Settlement Notice to Former Participants and/or in administering the Former Participant Pool; (c) any Class Representative Compensation ordered by the Court; (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties for: (1) costs incurred in administering the Former Participant Pool before the Settlement Effective Date but not yet paid, (2) costs estimated to be incurred in administering the Former Participant Pool after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors, the Net Settlement Amount will be distributed to Former Participants and eligible Current Participants.

2. The Settlement Administrator will determine the cumulative total number of calendar quarters in which those Former Participants and eligible Current Participants who submitted valid, timely claims had Plan account balances in excess of $1,000, measured as of the last business day of each calendar quarter in the Class Period.

3. The Settlement Administrator will determine a "Quarterly Proportion" of the net Former Participant Pool, by dividing the amount determined in paragraph 1 above by the cumulative total number of quarters determined in paragraph 2 above.

4. The Settlement Administrator will determine each eligible Class Member's pro rata share of the net Former Participant Pool by multiplying the number of calendar quarters in the Class Period in which that Class Member had an account balance in excess of $1,000, measured of the last business day of each calendar quarter, by the Quarterly Proportion determined in Paragraph 3 above.

---

[2] The Settlement Agreement defined Former Participants as all participants, Beneficiaries, and Alternate Payees of the Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) who do not have a Plan account as of the date the Settlement Class is certified by the Court, and had a Plan account on or after the last business day of a month on and after May 30, 2014, provided that such Plan account attained a balance in excess of $1000 for at least 12 months beginning on and after May 30, 2014 (such balance and such months to be calculated as of the last business day of a month).

5. Each eligible Class Member's share of the Former Participant Pool will be capped at $15.

6. No amount shall be distributed to a Former Participant or eligible Current Participant that is five dollars ($5.00) or less. If the number of Class Members for whom the calculation described in paragraph 4 above produces a result less than $5 is more than 20% of the total number of Class Members who submit valid, timely claims for payment from the Former Participant Pool, the parties agreed to negotiate in good faith as to modification(s) to that calculation sufficient to ensure payment to a minimum of 90% of the total number of Class Members who submit valid, timely claims for payment from the Former Participant Pool.

Payments to Class Members from the Former Participant Pool will be paid by check. Checks issued will be valid for 180 days from the date of issue. All checks that are undelivered or are not cashed before their expiration date shall revert to the Former Participant Pool. Any funds remaining in the Former Participant Pool after satisfying all obligations of the Former Participant Pool will be transferred to the Plan to reduce the administrative expenses charged to participants. Any such reduction will not count toward the required $3.2 million reduction.

We find the Plan of Allocation to be reasonable, including the payment pool for Former Participants (applying a $1,000 account minimum) using a pro rata allocation based on quarterly balances during the Class Period; the $15 cap and the *di minimis* amount of $5.00, subject to potential adjustment as described above. The provisions are cost-effective and fair to Former Participants and eligible Current Participants. As discussed further below, the provision of exclusively prospective relief to most Current Participants also is reasonable and fair to those Current Participants.

E.   **Attorneys' Fees, Litigation Expenses and Service Awards**

Class Counsel seek an award of attorneys' fees of $1,500,000, to be paid by Defendants. The amount requested represents 29.4% of what Class Counsel characterize as the $5.1 million settlement amount. Taking into account the time value of money and the fact that the administrative fee reductions will occur over time, it appears the amount requested is closer to but still less than one third of the total present value of the Settlement. Class Counsel's lodestar to date was $221,130, which would produce a lodestar multiplier of 6.75 if the requested $1,500,000 were awarded. Class Counsel estimates that they will spend an additional 50 hours of work on the case totaling a lodestar amount of $253,630 with a final multiplier of 5.91.

In our experience, the percentage requested and the lodestar multiplier are within the range of attorney fee awards for similar ERISA cases. In light of the work performed, the result achieved, the litigation risk assumed by Class Counsel, and the combination of the percentage and the lodestar multiplier, Fiduciary Counselors finds the requested attorneys' fees to be reasonable.



Class Counsel also request reimbursement of $25,405.04 in litigation costs, including expert witness costs ($16,444.75), mediation ($8,461.49), court fees ($400) and postage ($98.80). Fiduciary Counselors finds the request for expenses to be reasonable. These costs will be paid out of the Former Participant Pool.

Furthermore, Class Counsel seek a class representative service award in the amount of $10,000 to Plaintiff. Among other things, the Class Representative: (1) reviewed the allegations in the Complaint bearing his name; (2) provided information to counsel in connection with the lawsuit; (3) communicated with counsel regarding the litigation and Settlement; and (4) reviewed the Settlement Agreement in its entirety. The service award will be paid out of the Former Participant Pool.

In sum, although the Court ultimately will decide what fees, expenses and service awards to approve, we find that the requested amounts are reasonable under ERISA.

## VI. PTE 2003-39 Determination

As required by PTE 2003-39, Fiduciary Counselors has determined that:

- **The Court has preliminarily certified the Litigation as a class action for settlement purposes only.** Thus, the requirement of a determination by counsel regarding the existence of a genuine controversy does not apply. Nevertheless, we have determined that there is a genuine controversy involving the Plan. Based on the documents we reviewed and our calls with counsel, we find that there is a genuine controversy involving the Plan within the meaning of the Department of Labor Class Exemption, which the Settlement will resolve.

- **The Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan, and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone.** Plaintiff filed a class action complaint against Defendants alleging that Defendants caused the Plan to incur higher administrative fees and investment management fees than reasonable and necessary. Defendants deny Plaintiff's claims and allegations in their entirety, deny liability to the Plaintiff or the Class Members, and deny that the Plaintiff, Class Members, or the Plan have suffered any harm or damage for which Defendants could or should be held responsible.

  In the absence of a settlement, Plaintiff and the Settlement Class would have faced potential risks. At the time of settlement, Defendants' motion to dismiss was fully briefed and remained pending. In the event the motion was denied, there remained a risk that the Court might have dismissed the claims on summary judgment. If the case proceeded to trial, the Defendants still might have prevailed. Finally, even if Plaintiff prevailed on liability, issues regarding loss would have remained. Plaintiffs would have faced substantial challenges in establishing liability and remedies. Defendants vigorously defended their actions. Continued litigation would have likely resulted in appeals, causing more expense and further delaying resolution. Instead of a drawn-out period of

costly litigation, with a risk of no recovery, class members will receive a certain benefit whether they are current participants in the Plan (by way of a prospective quarterly administrative fee reduction) or former participants (by way of making a claim to the Former Participant Pool).

The overall size of the Settlement is $5,100,000, a fair and reasonable recovery given the results in numerous similar cases in the last several years, the defenses the Defendants would have asserted, the risks involved in proceeding to trial, and the possibility of reversal on appeal of any favorable judgment. Class Counsel estimated the amount of possible recoveries was approximately $30 million. According to Class Counsel's estimates, the $5,100,000 represents 16% of the allegedly 'excess' recordkeeping fees paid by the Plan (approximately $30 million).

Given the substantial expense and risk involved in further litigation, the difficulty in prevailing on the merits and establishing damages, and the delay that would have resulted in providing any relief to the Class if the matter had been prolonged through trial and appeal, the amount of the Settlement is reasonable.

Fiduciary Counselors also finds the other terms of the Settlement to be reasonable, including the scope of the release, attorneys' fees and expenses, the requested service award to the Class Representative, and the Plan of Allocation.

- **The terms and conditions of the transaction are no less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances.** As indicated in the finding above, Fiduciary Counselors determined that Class Counsel obtained a favorable agreement from Defendants in light of the challenges in proving the underlying claims. The agreement also was reached after arm's-length negotiations supervised by mediator Robert Meyer.

- **The transaction is not part of an agreement, arrangement or understanding designed to benefit a party in interest.** Fiduciary Counselors found no indication the Settlement is part of any broader agreement between Defendants and the Plan.

- **The transaction is not described in PTE 76-1.** The Settlement did not relate to delinquent employer contributions to multiple employer plans and multiple employer collectively bargained plans, the subject of PTE 76-1.

- **All terms of the Settlement are specifically described in the written settlement agreement.**

- **To the extent there is non-cash consideration, it is in the interest of Plan participants and beneficiaries, and the Plan is receiving no assets other than cash in the Settlement.** In addition to paying up to $1,500,000 in Attorney's Fees and $400,000 to the Former Participant Pool, Defendants have agreed to additional prospective relief. As described in Section V.A. above, and as specifically described in the Settlement, Costco



will provide an administrative fee reduction valued at a maximum of $3,200,000 for Current Participants. This provision in the Settlement Agreement provides substantial value on an ongoing basis for Current Participants. Plaintiff's counsel and Defense counsel both indicated that Current Participants who would have been entitled to a cash recovery if the Settlement provided cash for Current Participants are likely to remain in the Plan for a substantial period of time. As such, paying lower administrative fees on an ongoing basis will be beneficial to such participants in the long run. Further, an all cash settlement was not feasible, given the position taken by Defendants. The non-cash consideration does not include non-cash assets, so the requirements related to non-cash assets do not apply.

- **Acknowledgement of fiduciary status.** Fiduciary Counselors has acknowledged in its engagement that it is a fiduciary with respect to the settlement of the Litigation on behalf of the Plan.

- **Recordkeeping**. Fiduciary Counselors will keep records related to this decision and make them available for inspection by the Plan's participants and beneficiaries as required by PTE 2003-39.

- **Fiduciary Counselors' independence**. Fiduciary Counselors has no relationship to, or interest in, any of the parties involved in the litigation, other than the Plan, that might affect the exercise of our best judgment as a fiduciary.

Based on these determinations about the Settlement, Fiduciary Counselors (i) authorizes the Settlement in accordance with PTE 2003-39; and (ii) gives a release in its capacity as a fiduciary of the Plan, for and on behalf of the Plan. Fiduciary Counselors also has determined not to object to any aspect of the Settlement.

Sincerely,

*Stephen Caflisch*
Stephen Caflisch
Senior Vice President & General Counsel